In the Matter of the Petition of WILLIAM T. BLODGETT et al., to Vacate an Assessment.

The provisions of the act entitled "An act in relation to regulating and grading the Eighth avenue in the city of New York," (Chap. 593, Laws of 1870), which authorize the commissioners of public parks to change the grade of streets intersecting said avenue to conform to the grade thereof, are void, as the including them in the act renders it repugnant to the constitutional provision (State Const., art. 3, § 16) declaring that a local or private bill shall embrace but one subject, and that shall be expressed in the title.

Accordingly *held*, that an assessment for grading an intersecting street, which work was done under said provisions, was void.

*In re Blodgett et al.* (27 Hun, 12), reversed.

(Argued May 30, 1882 ; decided June 13, 1882.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made April 10, 1882, which reversed an order of Special Term vacating an assessment "for regulating, grading, curb, gutter and flagging Eighty-second street between Eighth avenue and the Boulevard." (Reported below, 27 Hun, 12.)

The grade of said street was originally established in 1853, it was changed by the commissioner of public works, and the work for which the assessment was laid was done to conform the grade with that of Eighth avenue under claim of authority given by the act chapter 593, Laws of 1870.

*Charles E. Miller* for appellants. Chapter 593 of the Laws of 1870, under which the commissioner of public works claimed the power to change the grade, as he actually did in 1870, is, so far as Eighty-second street is concerned, unconstitutional as not expressing its subject in its title. (*Town of Fishkill* v. *Plank-road Company*, 22 Barb. 634; *People* v. *Hills*, 35 N. Y. 449; *Baldwin* v. *Mayor*, 2 Keyes, 387–392; *People* v. *O'Brien*, 38 N. Y. 193; *Smith* v. *Mayor*, 7 Robt. 190; *Pullman* v. *Mayor*, 54 Barb. 169; *Gaskin* v. *Meek*, 42 N. Y. 186; *People* v. *Com'rs of Highway, etc.*, 53 Barb. 70; *People* v. *Allen*, 3 Hand. 404–417; *People ex rel. Lee* v. *B'd of Supervisors of Chautauqua Co.*, 4 id. 10; *People ex rel. Pratt* v. *Com. Council of Brooklyn*, 13 Abb. [N. S.] 121; *People* v. *Briggs*, 50 N. Y. 553; *Huber* v. *People*, 49 id. 132; *In Matter of Sackett, etc., Streets*, 74 id. 95.) This is not a case for a reduction of the assessment. (*In re P. E. School*, 75 N. Y. 324; *People* v. *Haines*, 49 id. 587.)

*J. A. Beall* for respondent. The grade of 1868 was lawfully established. (*In re Walter*, 83 N. Y. 538.) The conforming of the grades of the intersecting streets to the new grade of the Eighth avenue was a part of the subject expressed in and was indicated by the title of the act of 1870, chapter 593. (*In re Mayor*, 50 N. Y. 504; *Brewster* v. *Syracuse*, 19 id. 116; *People* v. *Lawrence*, 36 Barb. 192; *City of Rochester* v. *Briggs*, 50 N. Y. 553; *In re Van Antwerp*, 56 id. 261–7; *Nuendorf* v. *Duryea*, 69 id. 557; *In re Met. Gas-Light Co.*, 85 id. 526; *Gloversville* v. *Howell*, 70 id. 287; *Harris* v. *The People*, 59 id. 599; *People* v. *Banks*, 67 id. 568; *In re One Hundred and Thirty-eighth St.*, MSS.;

*In re Volkening*, 52 N. Y. 650; *Brewster* v. *Syracuse*, 19 id. 116; 27 Ill. 534; 53 Penn. St. 391.) Even if the grade of 1870 was illegally established, the assessment should not have been vacated as the alleged invalidity would affect only the work done between the Eighth and Ninth avenues, and the extent of the relief which could be lawfully given would be to deduct from the assessment the cost of the work rendered necessary by such change of grade. (Laws of 1870, chap. 383, § 27; *In re St. Joseph's Asylum*, 69 N. Y. 353; *In re Merriam*, 84 id. 596; *In re Met. G. L. Co.*, 85 id. 526; *In re Upson*, MSS.) The objections to the assessment because flagging was laid but four feet wide, and because of the provision in the contract that work rendered necessary by a change of grade should be done at contract rates, do not constitute substantial errors within the acts of 1874, chaps. 312 and 313. (*In re Garvey*, 77 N. Y. 523; *In re Second Ave. M. E. Church*, 66 id. 375.) This was a case for a reduction of the assessment. (*In re Walter*, 83 N. Y. 538; Laws of 1870, chap. 383; *In re Merriam*, 84 N. Y. 596, 606; *In re Met. G. L. Co.*, 85 id. 526; *In re Hebrew Asylum*, 70 id. 476; *In re St. Joseph's Asylum*, 69 id. 353; *In re Upson*, MSS.) The change of the grade between the Eighth and Ninth avenues in no way affected the assessment upon the petitioner's lots, and he is, therefore, not aggrieved by the assessment by reason of such grade, within the meaning of the statutes authorizing this form of proceeding. (Laws of 1858, chap. 338; Laws of 1870, chap. 383, § 27; Laws of 1872, chap. 580, §§ 6, 7; Laws of 1874, chaps. 312, 313; *In re Merriam*, 84 N. Y. 596, 606; *In re Met. G. L. Co.*, 85 id. 526; *In re Upson*, MSS.; *In re Roberts*, 25 Hun, 371; Laws of 1880, chap. 550.) The petitioner is entitled to no greater relief than he could obtain before the commission created by chapter 550 of the Laws of 1880, and having proved no excess of cost or other damage, is not in this case entitled to relief. (*In re Bassford*, 50 N. Y. 509; *In re Eager*, 46 id. 100; *In re Ingraham*, 64 id. 310; *In re Hebrew Asylum*, 70 id. 476; *In re Roberts*, 81 id. 62–68.)

DANFORTH, J.  I think this appeal must prevail.  The assessment in question was for "regulating, grading, curb, gutter and flagging Eighty-second street between Eighth avenue and the Boulevard," and is to be sustained, if at all, by the authority of the statute entitled, "an act in relation to regulating and grading the Eighth avenue in the city of New York," chapter 593, Laws of 1870.  It provides that "Eighth avenue, from Fifty-ninth street to One Hundred and Twenty-second street shall be regulated, graded and improved according to certain grades therein stated; and that the commissioner of public works shall have power, within six months from and after the passage of this act, to change the grade between the Eighth and Ninth avenues of any streets intersecting the Eighth avenue between Fifty-ninth and One Hundred and Twenty-second streets, in such a manner as will best make such grades *conform to the grade of the Eighth avenue.*"

This is evidently a local act, and therefore should embrace only one subject, and that subject should be "expressed in the title."  (Constitution of N. Y., § 16, art. 3.)  I am unable to find any answer to the appellants' contention that the act is repugnant to this provision.  If the title is examined, it is seen to be plain and unambiguous; it presents to the reader a subject which will attract the attention of any person concerned with the streets or avenues of the city to which it relates, and quiet the apprehensions of any one whose property interest is not within the limits of the Eighth avenue.  It would be unprofitable to analyze here the various cases referred to by the learned counsel for the respondent, as sustaining the law in question, for not one of them embraces the fact on which his proposition must depend, and that lacking, we are to ascertain whether there is any thing in the title which signifies, or by any process of philological deduction, can be made to signify that any street other than Eighth avenue is to be affected by the enforcement of the act.  It is specific and brings to the mind of the citizen an avenue and its improvement.  Its grade may be made perfect according to the terms of the statute, without aid from the arrangement of other streets, and so it is

contemplated by the act; for the intersecting streets are by its terms to be made " to conform to the grade of Eighth avenue."

In a certain general sense every street in a city is affected by a change made in any one of them, either in its grade or other mode of improvement; so by the erection of public buildings, the locations of markets or parks, or other places to advance business, or provide recreation, but it would, I think, hardly be pretended that any of these objects could be attained under an act whose title was limited like the one before us. Of all the cases cited by the respondent that of *The City of Rochester* v. *Briggs* (50 N. Y. 553), may be selected as best fitted to serve its purpose. There under an act entitled " an act to amend the several acts in relation to the city of Rochester," a variety of topics were introduced into separate sections, relating to the city government, taxes, the creation of new offices, confirming the action of the common council in relation to certain improvements in Lake avenue, the location of a railroad track at the side instead of the middle of the street, and even authorizing certain water commissioners " to contract with the trustees of any village " through which " the water pipes of the city were laid for the supply of such villages with water," and in case such contract was made, empowered " the village authorities to levy and collect the annual expense thereof with the annual tax of the village." The act was sustained against the objection presented here upon the ground that the title expressed the government, or character, or corporation of the city of Rochester, and hence the bill might embrace all these minor subjects. But even then the court say, " In an act in relation to Lake avenue, it would not be competent to insert provisions respecting Mount Hope avenue. As to such a bill Lake avenue would be the subject." It is true that this form or aspect of the question was not then before the court, but in view of the extensive argument upon which the conclusion in the case was reached, the proposition is of considerable force, and entitled to more weight than a mere illustration. Indeed if the constitutional inhibition is to be considered as having any force or meaning, it must be held as applying to the act before

us. The improvement or alteration in any mode of the intersecting streets, is not fairly or reasonably connected with the improvement or regulating of Eighth avenue, nor would any measures adopted in reference to those streets facilitate the accomplishment of the purpose expressed in the act. The subject matter of the statute which permitted the assessment complained of is foreign to that indicated by the title, and the act in that respect must be pronounced invalid. This conclusion makes it unnecessary to consider other questions raised by the appellants, and requires that the judgment of the General Term should be reversed, and that of the Special Term affirmed.

All concur, except FINCH and TRACY, JJ., absent.

Judgment accordingly.