In the Matter of the Petition of LEWIS KNAUST to Vacate an Assessment.

The act of 1866 (Chap. 367, Laws of 1866), entitled " An act relative to the powers and duties of the commissioners of Central Park," is not violative of the constitutional requirement (State Const., art. 3, § 16), that a local or private bill shall embrace but one subject, which shall be expressed in the title.

The said act was not superseded by the act chapter 697 of the Laws of 1867 (amended by chap. 288, Laws of 1868).

The power conferred upon the commissioners of Central Park by said act of 1866, in respect to the improvement directed, and subsequently transferred to the department of public works (Chap. 383, Laws of 1870; chap. 872, Laws of 1872), is exclusive of that conferred upon any other body; and the manner of doing the work is left to their discretion.

Accordingly *held*, it was no objection to an assessment for the improvement that there was no ordinance of the common council authorizing it, or that the work was not done by contract let to the lowest bidder.

*In re Deering* (85 N. Y. 1), distinguished.

(Argued December 8, 1885; decided January 19, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made April 8, 1881, which reversed an order of Special Term, vacating an assessment for regulating, grading, etc., Manhattan street in the city of New York.

The facts are sufficiently stated in the opinion.

*James A. Deering* for appellant.    The power to initiate a local improvement and assess can be conferred only by ordinance of the council.    (Laws of 1813, chap. 86, § 176; Laws of 1870, chap. 137, § 12; *Matter of Deering*, 85 N. Y. 1.) The failure to advertise for proposals and contract for the work was a substantial error, vitiating the assessment.    (Laws of 1861, chap. 308; Laws of 1870, chap. 137, § 104; *Matter of Emigrant Bk.*, 75 N. Y. 388; *Matter of Trustees of Presbytery*, 57 How. Pr. 500; *Matter of Robbins*, 82 N. Y. 131; *Matter of Merriam*, 84 id. 80; *Matter of Lange*, 85 id. 14.) The departments of public parks and public works, which succeeded to the jurisdiction of the department of parks under chapter 872, Laws of 1872, had not jurisdiction to improve Manhattan street in any manner whatever.    (Laws of 1867, chap. 867; Laws of 1859, chap. 363; Laws of 1864, chap. 275; Laws of 1864, chap. 319; Laws of 1865, chap. 564; chap. 565; chap. 581; Laws of 1866, chap. 367; chap. 550; chap. 632; *People* v. *Brooklyn*, 69 N. Y. 605; Sedg. on Stat. Constr. 97, 104, 365, 377.)    The fact that it was shown or retained, although widened upon the map made in March, 1868, under the act of 1867, did not make it a street "laid out" by the commisioners

of Central Park. (*Matter of Deering*, 85 N. Y. 1; *Matter of Em. Ind. Bk.*, 73 id. 388; *People* v. *McNeil*, 2 Supr. Ct. 140.) Chapter 367, Laws of 1866, is unconstitutional. Its title does not express its subject. (*In re Blodgett*, 89 N. Y. 392; *People* v. *Hill*, 35 id. 449; *Gaskin* v. *Meek*, 42 id. 186: *People* v. *Allen*, id. 404; *People* v. *Brooklyn*, 13 Abb. [N. S.] 121; *In re Sackett St.*, 74 N. Y. 95.) The moneys required for "the maintenance and government of the Central Park" were required to be raised by taxation only. (Laws of 1860, chap. 85, § 4.) The regulating, grading, etc., of a street is an "improvement" thereof. (*Astor* v. *Mayor, etc.*, 62 N. Y. 580.)

*D. J. Dean* for respondent. The department of public parks was clothed by the legislature with full power to initiate and prosecute the improvement in question without resolution, or ordinance of the common council. (Laws of 1866, chap. 367, §§ 2, 3, 7; *Astor* v. *Mayor, etc.*, 62 N. Y. 567.) It was not necessary that the work should be done upon sealed bids and proposals founded upon public advertisement. (Laws of 1857, chap. 771, § 4; *Parr* v. *Village of Greenbush*, 73 N. Y. 463; *Kingsley* v. *Brooklyn*, 7 Abb. N. C. 29; *Green* v. *Mayor, etc.*, 60 N. Y. 303; Laws of 1872, chap. 872, § 7; *In re Robbins*, 82 N. Y. 131; *Kingsland* v. *Palmer*, 52 id. 85; *In re Commissioners*, 50 id. 493; *In re Cram*, 69 id. 452; Sedgw. Stat. Constr. 98; *In re Zborowski*, 68 N. Y. 88.) No question as to the constitutionality of the act in question can be raised and considered in this court. (*In re Eager*, 46 N. Y. 109; *In re Clark*, 31 Hun, 198; *In re Rich's Case*, 12 Abb. 118; *In re Miller's Case*, id. 121.) When a general purpose is expressed in the title of an act, all matters fairly and reasonably connected with that purpose are germain to the title and properly included in the text to the enactment. (*Harris* v. *People*, 59 N. Y. 599; *Devlin* v. *Mayor, etc.*, 63 id. 8; *Kerrigan* v. *Force*, 68 id. 381; *People* v. *Briggs*, 50 id. 553; *Volkening*, 52 id. 650; *Wensler* v. *People*, 58 id. 505; *Matter of Mayer*, 50 id. 504, 86 id. 439; *Sun Mut. Ins. Co.* v. *Mayor, etc.*, 8 id.

253; *Conner* v. *Mayor, etc.*, 5 id. 293.)    The court will not adopt a doubtful construction of a constitutional provision for the purpose of invalidating a statute and defeating the will of the legislature. (*In re Middletown*, 82 N. Y. 199; *Kerrigan* v. *Force*, 68 id. 381; *Gilbert Elev. R. R.* v. *Kobbe*, 70 id. 367.)

DANFORTH, J.    At Special Term the petitioner succeeded, but the General Term reversed the decision there made, and he now appeals to this court, alleging two grounds of error : *First.* " The absence of any ordinance of the common council authorizing the improvement" in question ; and *Second.* " That the work was not done by contract let after public bidding." The questions were before the court in *Matter of Walter* (75 N Y. 354), upon the same assessment, but the case. was determined upon other propositions, and these were not passed upon.    They are, however, insufficient to sustain this appeal.    The act of 1886 (Chap. 367, § 1) made it the duty of the commissioners of Central Park to lay out and establish the grade of an avenue to be called St. Nicholas, empowered them to extend and widen Manhattan street, and whenever they should deem it necessary " fix and establish, or change the grade of any street or avenue, or any part of any street or avenue that intersects any street, road or avenue required by law to be laid out, established, regulated or improved by them, or under their direction."    They were also directed (§ 3 of same act) to make and file maps of surveys of the avenue and of the widening and extension of Manhattan street, showing its width, location and grade.    Section 4 makes these maps and surveys final and conclusive in respect to the matters referred to, " as well in respect to the mayor, aldermen and commonalty of the city of New York as in respect to the owners and occupants" of lands affected thereby, and "in respect to all persons whomsoever."    Section 7 of the same act declares that " the said commissioners of the Central Park shall, with respect to the avenue to be laid out by them, as required by this act, and with respect to that portion of Seventh

avenue lying north of the Central Park, in said city, and with respect to all streets, avenues, roads and portions of said city required by law to be laid out or improved, under the direction of the said commissioners, *and the laying out, grading, regulating, sewering, paving, and improving the same, possess all the powers and perform all the duties now or heretofore possessed, enjoyed or exercised by such commissioners in respect to the Central Park, in said city, and by the mayor, aldermen and commonalty of the city of New York,* and the several departments of the said city, in relation to the said streets, avenues and similar improvements thereof in other parts of said city," and enacts that "it shall be lawful for the said commissioners to do all the work required to be done by them, by day's work, or by contract, or in such manner as they shall deem expedient." In *Walter's Case (supra)* it appeared that the whole work on Manhattan street, including paving, for which the assessment in question was made, was covered by a single resolution of the department of public parks, passed on the 2d of May, 1871, for the regulating, grading, paving and improving Manhattan street from Twelfth avenue to Avenue St. Nicholas. That resolution was said to be "the acknowledged source of authority for the work," and it was all done under the direction of that department and its successor, the department of public works. Such is the case here. The resolution at the bottom of the proceedings is that of the commissioners referred to in the *Walter Case*, and under it the work was done, partly by contract and partly by the day. It was completed by the department of public works, to which the powers of the Central Park commissioners were transferred. (Laws of 1870, chap, 383, § 16; Laws of 1872, chap. 872, § 7.) The language of the act of 1866, above quoted, is so plain and comprehensive as to permit no other construction than that given to it by the commissioners. The power granted in respect to the improvement was exclusive of that of any other body, and the manner of doing it is left to their discretion. As to both matters their authority was ample.

*Matter of Deering* (85 N. Y. 1, 11), referred to by the appellant, has no application. The avenue, to the improvement of which the proceedings then in question related, had already been laid out and opened, and improvements made under direction of the city government; and as the act of 1865 (Chap. 506), by which it was sought to justify them, confined and limited the power of the commissioners of Central Park to streets laid out by them, it was held they had no jurisdiction, and that the assessment was invalid for want of some resolution or ordinance of the common council authorizing the work. The decision turned on the construction of the statute.

In the case at bar there is no such limitation, and the statute under which the commissioners have acted specifically conferred the power which they have exercised. It authorized the improvement and declared the powers of the commissioners in respect thereto. It not only authorized the laying out of streets, but extended the power of the commissioners so as to include all streets, whether laid out by them, or simply improved under their direction; as to those they were vested with all the powers possessed by them in respect to Central Park, and by the corporation of the city and its several departments over such matters.

A variety of cases are cited by the appellant in support of the objection that the work was not contracted for after advertisement for proposals. They relate to work done under the charter or city ordinances, but imply no limitation to a discretionary power in respect to work ordered by a body whose jurisdiction is derived directly from the legislature.

It is also contended in behalf of the appellant that the act of 1866 was superseded by the act of 1867 (Chap. 696), amended in 1868 (Chap. 288). There are no express words to that effect, and if repealed it is by implication. Such effect cannot be given to the later act, unless its provisions are so inconsistent with, or repugnant to, those of the other, that the two cannot stand together. Nor is the court to strive for such a result. If it is not apparent that the legislature did intend to deal with the very case to which the

former statute applied, it should not be disturbed. Here we find no such intention. The existing power of the commissioners is extended, and neither extinguished nor taken away. Their jurisdiction over Manhattan street was specifically conferred by the act of 1866. Its exercise was not forbidden by the act of 1867; nor is it inconsistent with its provisions.

A larger question is also presented. The learned counsel for the appellant insists that the act of 1866 is unconstitutional, saying, "Its title does not express its subject." It is, "An act relative to the powers and duties of the commissioners of Central Park," and a careful scrutiny of its provisions has not enabled us to discover in what respect — having in mind repeated decisions in answer to such objection—the title could be improved. It expresses a general object, and it must now be considered as the settled rule of construction that where such is the case, all matters fairly and reasonably connected with it, and all measures which will or may facilitate its accomplishment, are proper to be incorporated in the act and are germain to the title. (*People* v. *Briggs*, 50 N. Y. 553; *In re Mayer*, id. 504; *In re Department of Public Parks*, 86 id. 437; *In re Upson*, 89 id. 67; *Water Commissioners of Clinton* v. *Dwight.*\*) Those now before us are strictly within this rule. The provisions of the act, if literally applied, would include no matter not intrusted to the commissioners, nor any subject over which they are not by its terms given jurisdiction. Each section of the act defines a power or prescribes a duty of the commissioners.

We agree with the General Term in the conclusion that the assessment was well laid. The order appealed from should, therefore, be affirmed.

All concur.

Order affirmed.

---

\* *Ante*, page 9.