## 124 McINTYRE v. ALLEN.

SPEED McINTYRE, RESPONDENT, v. DON PEDRO ALLEN, APPELLANT.

*Constitution of New York, art. 3, sec. 16—a grant of powers incidental to the main subject need not be expressed in the title — 1883, chap. 309 — when the surrogate created by that act may entertain proceedings supplementary to execution.*

Chapter 309 of·1883 is entitled "An act to provide for the election of a surrogate, separate from the county judge of the county of Steuben, and to fix the salary of said surrogate, and also the salary of the county judge of said county, hereafter to be elected."

Section 1 provides for the election of an officer to perform the duties of surrogate of said county, separate from the county judge, who shall be denominated the surrogate of the county.

Section 2 authorizes such officer to exercise, within the county, "all power conferred by law upon the county judge, at chambers or out of court."

Section 3 provides for his election and term of office; and section 4 fixes the salary of the county judge and of the surrogate.

*Held,* that the subject of the act — the creation of a separate officer to be known as the surrogate of the county — was expressed in the title, and that the provisions contained in the second section, prescribing the powers with which he was to be vested, were incidental to that subject, and not a separate subject which should have been expressed in the title.

Under the power conferred upon him by this section, the surrogate is authorized to entertain proceedings supplementary to execution, instituted upon a judgment rendered in a Justice's Court, when the same has been docketed in the office of the county clerk, on filing a transcript thereof, and an execution has been issued thereon, as required by sections 3017 and 3043 of the Code of Civil Procedure.

APPEAL from an order of the Steuben County Court, denying a motion to vacate an order granted by the surrogate of said county, acting as county judge, directing the defendant to appear and be examined in proceedings supplementary to execution.

*Leslie W. Wellington,* for the appellant.

*Edwin C. English,* for the respondent.

SMITH, P. J.:

The power of the surrogate to make the order sought to be vacated is questioned by the appellant. Section 2 of chapter 309 of the Laws of 1883, if valid, vests the surrogate of the county of

Steuben with "all powers conferred by law upon the county judge, at chambers or out of court."

The appellant's counsel contends that that section being contained in a local bill, relates to a subject not expressed in the title, and so is void under section 16 of the third article of the Constitution. The act is entitled, "An act to provide for the election of a surrogate, separate from the county judge of the county of Steuben, and to fix the salary of said surrogate, and also the salary of the county judge of said county, hereafter to be elected." The first section of the act provides that after the 1st day of January, 1884, there shall be an officer to perform the duties of surrogate of said county, separate from the county judge, who shall be denominated the surrogate of the county; the second section authorizes such officer to exercise, within the county, the powers of the county judge already referred to; the third provides for his election and his term of office, and the fourth and last section fixes the salary of the surrogate and of the county judge.

The subject of the act is the creation of a separate officer to be known as the surrogate of the county. The prescribing of the powers with which he was to be vested, is incidental to the main subject, and not a separate subject. In that respect it is like the provision fixing his compensation. The circumstance that the powers conferred by section 2 are in addition to the usual powers of surrogates has no bearing upon the question. The action of the legislature in conferring such powers was within its authority, and was not the introduction of a matter foreign to the general subject stated in the title.

It has been held frequently that where the title of a local bill expresses a general object, all matters fairly and reasonably connected with it, and all measures which will or may facilitate its accomplishment, are proper to be incorporated in the act, and are germane to the title. (*Matter of Petition of Knaust,* 101 N. Y., 188, per DANFORTH, J., p. 194, and cases there cited; *Cole* v. *The State of New York,* 102 id., 48, 58.) In the case before us it was not necessary to resort to a separate bill to define the powers of the newly created officer.

The case of *Blodgett* (89 N. Y., 392), cited by the appellant's counsel, was put upon the ground that the act there considered was

limited by its title to "regulating and grading the Eighth avenue" in the city of New York, and that the provisions contained in the act authorizing the grading of other streets intersecting with the avenue were not germane to the subject expressed in the title. The opinion in that case was delivered by the same judge who wrote in the subsequent case of *Knaust* (*supra*), and it is manifest that, in the judgment of the Court of Appeals, the two cases are distinguishable. We think the rule followed in the *Matter of the Petition of Knaust,* and other like cases, is applicable to the case in hand, and that the second section of the act of 1883 is valid.

The appellant's counsel contends that even if the second section of the act is valid, the surrogate was not authorized thereby to entertain supplementary proceedings, and as he is not one of the officers mentioned in section 2434 of the Code, his order was a nullity. The second section of the act gives to the surrogate "all the powers conferred by law upon the county judge, at chambers or out of court." Among the officers mentioned in section 2434, before whom supplementary proceedings may be instituted, is "a judge of the court out of which * * * the execution was issued." The execution in the present case was issued upon a judgment rendered in a justice's court, which had been docketed in the office of the county clerk on filing a transcript. The judgment was thenceforth to be deemed a judgment of the county court and to be enforced accordingly (Code, § 3017), and the execution to be issued thereon by the county clerk "was to be in the same form, and executed in the same manner as an execution issued upon a judgment of the county court" (sec. 3043), except as provided in section 1367 of the Code. Those provisions were complied with in the present case. The case was, therefore, one in which the county judge of Steuben might have entertained supplementary proceedings at chambers, and consequently the like power was conferred upon the surrogate by the general words of section two of the act. That section was, *pro tanto,* an amendment of section 2434 of the Code.

The order should be affirmed, with ten dollars costs and disbursements.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.