### In re UNION EL. R. CO.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

EMINENT DOMAIN—PUBLIC USE—RAILROAD CROSSING.

Under the rapid transit act, § 17, (Laws 1875, c. 606,) giving to companies formed thereunder the right to acquire such real estate as may be necessary to enable them to operate their railways, such a company, which has two routes, crossing each other at right angles, whereby the danger from collision is great, may acquire the corner property at such crossing for the purpose of providing the curve necessary to allow the trains on one route to turn into the street occupied by the other, and thereby to avoid such danger.

Appeal from special term, Kings county.

Petition by the Union Elevated Railroad Company of Brooklyn to acquire title to property of Jacob Levy and others. The company has two routes, crossing each other at right angles,—one through Hudson avenue, and the other through Myrtle avenue. To avoid the danger of collision at this point, the company decided to turn its Hudson-Avenue trains into Myrtle avenue, instead of allowing them to cross the latter. In order to provide the curve required for this purpose, it is necessary to acquire the corner property, owned by Levy and others. The rapid transit act, § 17, (Laws 1875, c. 606,) under which the company was formed, gives such companies "the right to acquire and hold such real estate, or interest therein, as may be necessary to enable them to construct, maintain, and operate the said railway or railways." The application was granted, and the property owners appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Johnson & Lamb,* (*Jesse Johnson,* of counsel,) for appellants. *Wingate & Cullen,* (*G. W. Wingate,* of counsel,) for respondent.

PRATT, J. The seventeenth section of the act gives the right to acquire such real estate, etc., as is necessary to operate said railways. The grant was comprehensive, and covers the whole ground of controversy. Experience has shown that to carry on the operation of the road in the restricted manner first attempted will expose the public to great danger. Were the charter a narrow one, the court might well feel itself called upon to be astute in construing the charter in aid of the public welfare. No such necessity is imposed upon it. The charter is amply broad to convey the power to erect all needed appurtenances. As was well said by the judge at special term, to hold that this road could compel a connection with the roads of other corporations, and was yet without the power to connect its own branches, would be an absurdity. Order affirmed, with costs. All concur.