### In re MALONE WATER–WORKS CO.

*(Supreme Court, Special Term, Franklin County. May, 1890.)*

1. WATER COMPANIES—CONDEMNATION PROCEEDINGS—PETITION.

A petition by a water company for the appointment of commissioners to appraise damages for water taken for public use, which states the apparatus to be used in conveying the water, and the number of gallons that will flow through such conduit per day, describes with sufficient accuracy the quantity of water desired to be taken, to comply with petitioner's charter, (Laws N. Y. 1857, c. 156, and amendments,) which requires the petition to state definitely the quantity of water diverted and sought to be diverted.

2. SAME—PUBLIC USES.

Laws N. Y. 1857, c. 156, § 9, under which petitioning water company was incorporated, provides that "for the purpose of supplying Malone village with pure and wholesome water the said company * * * may take such water from any spring," etc., "as may be determined by the commissioners hereinafter named;" and amendments thereto authorized the board of trustees of Malone village to contract with the water company for supplying the village with water for the purpose of extinguishing fires, and provided that said company might contract to furnish water for domestic and other purposes in said village. *Held*, that water taken for such purposes is taken for public uses; and it was not necessary that the water asked for should be for immediate use, if the necessity for such use in the immediate future was established; nor was it necessary that any contract should have been made to supply the corporate authorities with water, because the law incorporating petitioner did not require that as a condition precedent.

3. CONSTITUTIONAL LAW—LOCAL BILL—SUBJECTS EMBRACED—TITLE.

Laws N. Y. 1857, c. 156, § 9, entitled "An act to incorporate the Malone Water-Works Company," does not violate Const. N. Y. art. 3, § 16, which provides that no local or private bill shall embrace more than one subject, and that that shall be expressed in the title, by reason of the incorporation therein of matters which would or might facilitate its accomplishment.

4. SAME—JURY TRIAL IN CONDEMNATION PROCEEDINGS.

Laws N. Y. 1857, c. 156, § 12, which provides that, on an appeal from the award of commissioners appointed to ascertain the amount of compensation for private

property taken for public use, the court may increase or diminish the amount of compensation awarded, violates Const. N. Y. art. 1, § 7, which requires that the compensation for private property taken for public use shall be ascertained by a jury or by commissioners, is void.

5. CONDEMNATION PROCEEDINGS—CONSENT OF OWNERS.

Laws N. Y. 1857, c. 156, under which petitioning water company was incorporated, gave it the right to take water "for the purpose of supplying Malone village with pure and wholesome water." Laws N. Y. 1890, c. 36, provides that "said company may make any * * * contracts * * * for the sale," etc., of "water for domestic * * * or other purposes in said village * * * of Malone that may be agreed upon between said company and any individuals," and that "the foregoing amendment" shall not authorize said water company to injure the rights of parties "having interest in the water taken by said company, under such amendments," and their claims for damages shall be reserved to them. *Held*, that prior to the amendment the petitioning water company had a right to take, without the consent of the owners, upon making the compensation provided therefor, water needed to furnish water to the village of Malone for municipal purposes, and to residents of said village for domestic purposes, and that the amendments do not make the consent of owners necessary as to such water.

Application by the Malone Water-Works Company for the appointment of commissioners to appraise damages for water taken for petitioner's uses under Laws N. Y. 1857, c. 156, entitled "An act to incorporate the Malone Water-Works Company," as amended by Laws N. Y. 1868, c. 148; Laws N. Y. 1886, c. 161; Laws N. Y. 1870, c. 291; Laws 1879, c. 129; and Laws N. Y. 1890, c. 36.

*Cantwells & Main*, (*Leslie C. Wead*, of counsel,) for petitioners. *J. P. Kellas*, for Eugene Ladd and William E. Smallman, owners.

TAPPAN, J. Petitioner was incorporated under chapter 156 of the Laws of 1857, entitled "An act to incorporate the Malone Water-Works Company." That act has been amended by chapter 148, Laws 1868; chapter 161, Laws 1886; chapter 291, Laws 1870, as amended by chapter 129, Laws 1879; and chapter 36 of the Laws of 1890. These laws, so far as they are now in force, are referred to in the petition, and the same is to be construed with reference to their provisions. The petitioner presented a petition at the circuit and special term of this court, held in Franklin county in March, 1890, to which the above-named Ladd & Smallman, by their counsel, made objections, which objections were sustained, and the petition was held insufficient. It was then decided that section 11 of the said act of 1857 requires the water-works company to make a verified petition, serve a copy thereof upon the owners of the land or water sought to be taken, with a notice of the time and place of an application to the court for the appointment of commissioners, and that such petition and service of notice and of a copy is necessary to confer jurisdiction upon the court in the premises; that, as the act in question provides for taking of private property for public use, it must appear to the court to which application is made for the appointment of commissioners that the case is one provided for by the law, and that every substantial requirement of the law that can be of any substantial benefit to the owners whose property is sought to be taken has been complied with. It was then further decided that the petition should state definitely the quantity of water diverted and sought to be diverted in future; that such statement is necessary for the protection of the petitioners, that the record may show at the end of the proceeding the extent of the right acquired, and the right to enforce the same, and to enable the owner to show at any given time whether more water has been diverted by the petitioner than it has acquired the right to by such proceeding. This doctrine is sustained by *In re Water Commissioners of Amsterdam*, 96 N. Y. 351, 361; *Railroad Co.* v. *Dominick*, 8 N. Y. Supp. 151. It was also then decided that the water company is not entitled to have commissioners appointed unless it is not able to agree with the owners of the land or water sought to be taken as to its value, and that facts should be stated, showing inability to agree, to make a good petition in that respect. A new petition has been

drawn, copies served upon the owners, with notice to them of the time and place of its presentment. Upon the presentment of such petition at the present term said owners again appear, specially, and make the following objections to the appointment of commissioners: "The petition is defective and fails to confer jurisdiction upon the court to make an order in the premises. (1) It does not sufficiently describe the quantity of water desired to be taken. (2) It does not appear that the use to which the water is to be put, when taken, is a public use. (3) It affirmatively appears that it is a private use. (4) It does not appear that any contract has been made or is even contemplated between Malone village and the company for the supply of water, or that any public use is to be subserved by the taking of the water. (5) The petition does not state the facts showing inability to agree with owners upon the amount of damages for taking the water diverted or to be diverted. (6) The petition does not show that the public uses of the village of Malone are being or will be supplied by the water taken under these proceedings. (7) The petition fails to show that the company has the power to exercise the right of taking an interest of Ladd & Smallman in the water sought to be taken. (8) Petition fails to show that the map required by chapter 156 of the Laws of 1857 to be filed has been filed. (9) The acts of the legislature under which the company claims to exist, and under which it claims to exercise this power, are, and each of them is, unconstitutional and void. (10) If it be held that the company ever did possess the right to take an interest in water against the will of the owner, that right has been taken away by act of the legislature, particularly in the passage of chapter 36, Laws 1890. (11) The petition fails to show that Ladd & Smallman, or either of them, have consented to the taking of the water for the company. (12) The petition does not state facts sufficient to confer jurisdiction upon the court to appoint commissioners of appraisement herein." The petition sufficiently describes the quantity of water desired to be taken. It states that "the company has laid a pipe from its said premises in said lot No. 51, township 9, to its distributing reservoir located near the south limits of Malone village, which pipe has an interior diameter of ten inches, following substantially the topography of the surface of the ground and crossing hills and descending into valleys, with an extreme descent from the level of the water of the receiving basin of about 300 feet; said level being 110 feet higher than the outlet of said pipe at said reservoir, and the mean gradient in said pipe being always above the line of said pipe where it crosses the hills, and the total length of said pipe, following the changes of its course in horizontal and perpendicular planes, being 35,550 feet, the flow through said pipe being, as near as your petitioner has been able to ascertain the same, 900,000 gallons in each period of twenty-four hours, or at the rate of 84.62 cubic feet per minute; and, upon information and belief, your petitioner alleges that such is the flow through such pipes; and further, that for the purpose of supplying Malone village with pure and wholesome water for the uses and purposes in said statute provided, it is necessary to divert, take, and use all the water that will flow through said pipe, laid as aforesaid, to-wit, the quantity aforesaid." The petition states the apparatus to be used in conveying the water, which will operate as a meter to measure the quantity diverted at any given time in the future, and positively show that it is not greater than the quantity which the company has acquired the right to take under this proceeding. It also states the quantity desired to be taken, which it is believed such apparatus will convey. This is all that it is practicable to state, and all that is necessary for the protection of the rights of the owners whose property and rights are sought to be acquired, and the rights of the company that may be acquired under this proceeding.

The owners object that it does not appear from the petition that the use to which the water is to be put when taken is a public use; that it affirmatively appears therefrom that it is a private use. The act referred to which incor-

porates the petitioner, in the ninth section thereof, provides "that for the purpose of supplying Malone village with pure and wholesome water the said company may purchase, take, and hold any real estate, and their agents and servants, or other persons employed by it, may enter upon the lands of any person which may be necessary for that purpose, and may take such water from any springs, ponds, or streams as may be determined by the commissioners hereinafter named," and divert and convey the same to said village. Section 17, as amended by chapter 36, Laws 1890, in connection with section 7, tit. 4, c. 291, Laws 1870, as amended by chapter 129, Laws 1879, authorizes the board of trustees of Malone village to contract with the water company for supplying the village with water for the purpose of extinguishing fires, and to assess and collect the amount agreed to be paid in such contract as other village taxes are assessed and collected. It also provides that the said company may make any agreements, contracts, grants, and leases for the sale, use, and distribution of water for domestic, ornamental, mechanical, or other purposes within the village or town of Malone, that may be agreed upon between said company and any individuals, associations, or corporations, which agreements, contracts, grants, and leases shall be at reasonable rates, and shall be valid and effectual in law. The eleventh section of the act of 1857 provides that in case the said company cannot agree with said owners and occupants of any land or water intended to be taken or used as aforesaid for the purchase thereof, the directors, upon giving notice, may apply to this court, or the Franklin county court, for the appointment of three disinterested persons, commissioners, "who are hereby authorized to determine the compensation to be paid for damages suffered or to be suffered by any person or persons by reason of taking land and water, and in constructing any of the works of said company. * * * They shall make a written report of their proceedings, containing the testimony taken by them, and showing the sum awarded to each owner or other person, and return the same to the said court, to be filed of record." If no appeal is taken, no further proceedings for the confirmation of the report are necessary. Section 12 of said last-mentioned act provides for an appeal by the company or any party to the proceedings. Section 6, art. 1, of the constitution of the state provides that no person shall be deprived of life, liberty, or property without due process of law, "nor shall private property be taken for public use without just compensation;" and section 7 of the same article provides that, "when private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the state, shall be ascertained by a jury, or by not less than three commissioners, appointed by a court of record, as shall be prescribed by law." In determining the owners' objections, it becomes necessary to consider whether the taking of property by a private corporation, formed for the purpose of supplying Malone village with pure and wholesome water, to which corporation is granted especial authority to contract for supplying water as hereinbefore stated, is taking the same for public use. It belongs to the legislative power of the government to determine for what public purposes private property shall be taken, and the necessity or expediency of such appropriation. If the public interests can be in any way promoted by the taking of private property, it must rest in the wisdom of the legislature to determine whether the benefit to the public will be of sufficient importance to render it expedient for them to exercise the right of eminent domain, and to authorize an interference with private rights. 2 Kent, Comm. 340; *Beekman* v. *Railroad Co.,* 3 Paige, 45, 73; *Bloodgood* v. *Railroad Co.,* 18 Wend. 9. In all such cases the object of the legislative grant of power is the public benefit derived from the contemplated improvement, whether such improvement is to be effected by the agents of the government or through the medium of corporate bodies or of individual enterprise; and measures calculated to produce such benefits to the public, though effected through the me-

dium of a private incorporation, are within the powers given to the legislature by the constitution.  Cases above cited, and *Willson* v. *Marsh Co.*, 2 Pet. 251.  And the legislature may grant to such corporations the power to appropriate private property necessary for their use on making compensation as required by the constitution.  *Railroad Co.* v. *Brainard*, 9 N. Y. 100; *In re Middletown*, 82 N. Y. 196; *In re New Rochelle Water Co.*, 46 Hun, 525; *Railroad Co.* v. *Kip*, 46 N. Y. 547; *In re Union El. R. Co.*, 4 N. Y. Supp. 85.  The general principle is now well settled that when the uses are in fact public the necessity or expediency of taking private property for such uses by the exercise of the power of eminent domain, the instrumentalities to be used, and the extent to which such rights shall be delegated, are questions appertaining to the political and legislative branch of the government, while, on the other hand, whether the uses are in fact public, so as to justify the taking *in invitum* of private property therefor, is a judicial question to be determined by the courts.  *Beekman* v. *Railroad Co.*, 3 Paige, 45; *In re Deansville Cemetery Ass'n*, 66 N. Y. 569; *In re Application Union Ferry Co*, 98 N. Y. 139, 153; *In re Niagara Falls & W. Ry. Co.*, 108 N. Y. 375, 383, 15 N. E. Rep. 429; *Commissioners* v. *Armstrong*, 45 N. Y. 234; *Secombe* v. *Railroad Co.*, 23 Wall. 108.  Judge ANDREWS quotes from Judge Cooley, (Const. Lim. 669,) in 108 N. Y. 385, 15 N. E. Rep. 432, in considering the question, what is a public use for which private property may be taken *in invitum?*  "That can only be considered such when the government is supplying its needs, or is furnishing facilities for its citizens, in regard to these matters of public necessity, which, on account of their peculiar character, and the difficulty, perhaps impossibility, of making provision for them otherwise, it is alike proper, useful, and needful for the public to provide."  The ninth section of the act in substance declares that the company is incorporated for the purpose of supplying Malone village with pure and wholesome water.  That language is used in its popular sense, and means that such water is to be supplied, not only to the municipality known as the village of Malone for extinguishing fires, and public drinking fountains, but also to the citizens of that village for all the domestic and such ornamental purposes as are included in domestic, for which water is ordinarily used in villages of that size since the introduction of modern improvements for furnishing water, and the amended section 17 shows that such was the legislative intent manifested by the latest amendment to the original act, and that act allows water in like manner to be supplied for like purposes within the town of Malone, and that the agreements, contracts, grants, and leases therefor shall be at reasonable rates.  Chapter 737 of the Laws of 1873 authorized the formation of a water-works company in any town or village in this state, "to supply said town or village or the inhabitants thereof with pure and wholesome water," and for that purpose authorized such corporations to take and hold real estate for the purposes of their corporation, and to hold and occupy any of the waters of the state, to be obtained by agreement, lease, or purchase by such corporation, and empowered such corporations to supply the authorities or inhabitants of the town or village where they may have organized with pure and wholesome water at such rates and cost to consumers as they may agree upon.  Chapter 415, Laws 1876, as amended by chapter 422, Laws 1885, which also amends chapter 483, Laws 1883, authorized such corporations to make contracts to furnish water, and provides that any such corporations that shall have made a contract with any town or village to supply such town or village with pure and wholesome water may enter upon land or water for the purpose of making surveys, and to agree with the owner of the property which may be required for the purposes of the act authorizing the formation of the company, and of the last-mentioned act, as to the amount to be paid such owner, subject to revision by the court on application of any three taxable inhabitants of a town or village, and, in case of disagreement,

contains authority to proceed and condemn the property needed for the purpose ·of the corporation. Chapter 422, Laws 1885, as amended by chapter 369, Laws 1889, makes it the duty of such corporations to contract with the au-·thorities or with any of the inhabitants of any town or village through which the conduits or mains of such corporation may pass, or wherein such corporation may have organized, to supply any of its inhabitants or authorities with pure and wholesome water, at reasonable rates and cost to all persons ·or corporations who may wish to use the same, and further regulates the manner of making contracts and proceedings to authorize them. In *Re New Rochelle Water Co.*, 46 Hun, 525, it was held that these acts were valid,' and ·conferred upon such companies the power to take lands by the condemnation proceedings provided therein.

It is argued by the owners that the acts that have been herein referred to, which organize this company, do not require it to furnish water to the village of Malone or to individuals; that it may contract or refuse to contract ·as its interest may seem to dictate; and for that reason its operations are private, and not for the public or for public use. The same argument was presented· by the owners of property sought to be taken for railroad purposes, and was answered by the chancellor (in 3 *Paige*, 74, 75) as follows: "The objection that the corporation is under no legal obligation to transport ·produce or passengers upon their road, and at a reasonable expense, is unfounded in fact. The privilege of making a road and taking tolls thereon is ·a franchise, as much as the establishment of a ferry or a public wharf, and taking tolls for the use of the same. The public has an interest in the use ·of the railroad, and the owners may be prosecuted for the damages sustained ·if they should refuse to transport an individual or his property, without any reasonable excuse, upon being paid the usual rate of fare. The legislature may·also, from time to time, regulate the use of the franchise, and limit the ·amount of toll which it shall be lawful to take, in the same manner as they may regulate the amount of tolls to be taken at a ferry, or for grinding at a mill, unless they have deprived themselves of that power by a legislative contract with the owners of the road." The Malone Water-Works Company was incorporated to supply as much water to Malone village as it may need for municipal purposes, and to the inhabitants of that village as much water ·as they may need for domestic purposes, as the same is necessarily used in ·the community residing in that village; and if, upon request of the corporate authorities or the people or corporations entitled to water, without reasonable excuse, water is refused at reasonable rates, by the proper action the company can be compelled to furnish water for such uses, and if the rate ·demanded is unreasonable it can be determined by the court. If the company fails to do what it was created for, its charter may be annulled in an ·action brought by the attorney general in the name of the people on relation of an aggrieved party, and by future legislation the legislature may regulate ·the conduct of its business, and the rates at which it shall supply water, and annul its charter if it shall seem proper to do so. It was not necessary that ·any contract should have been made to supply the corporate authorities with water. That is not made a condition under the laws incorporating petitioner. Sufficient is stated in the petition to show that petitioner had made ·an effort to agree with the owners and that an agreement was impossible. 82 N: Y. 196. It is not necessary that the public uses, which the petitioner was created to supply, should be supplied before these proceedings are in-·stituted. It is not necessary that the property asked for should be for immediate use, if the necessity for such use in the immediate future is estab-·lished. *In re Staten Island Rapid Transit Co.*, 103 N. Y. 251, 8 N. E. Rep. 548.

The petition shows that the map required to be filed by chapter 156, Laws ·1857, has been filed. The owners claim that chapter 156 is unconstitutional

and void for violation of section 16, art. 3, of the constitution, which provides that no local or private bill shall embrace more than one subject, and that shall be expressed in the title. The act entitled "An act to incorporate the Malone Water-Works Company" is a local bill. The creation of the Malone Water-Works Company is the subject of the act, and its general purpose. All measures which will or may facilitate its accomplishment are proper to be incorporated in the act, and are germane to the title. All matters contained in the act refer to the Malone Water-Works Company, and, in a greater or less degree, tend to aid in carrying out the objects of its incorporation. The construction put upon this provision of the constitution appears from examination of the following cases: *People* v. *Briggs*, 50 N. Y. 553; *In re Mayer*, Id. 504; *In re Astor*, Id. 363; *Bridge Co.* v. *Attica*, 2 N. Y. Supp. 359, on appeal, affirmed, 119 N. Y. 204, 23 N. E. Rep. 542; *In re Mayor, etc., of N. Y.*, 99 N. Y. 569, 2 N. E. Rep. 642; *In re Knaust*, 101 N. Y. 188, 4 N. E. Rep. 338; *McIntyre* v. *Allen*, 43 Hun, 124; *Cole* v. *State*, 102 N. Y. 48, 58, 6 N. E. Rep. 277. The following cases show examples of the violation of this provision of the constitution: *People* v. *Hills*, 35 N. Y. 449; *People* v. *O'Brien*, 38 N. Y. 193; *Huber* v. *People*, 49 N. Y. 132; *Johnston* v. *Spicer*, 107 N. Y. 185, 202, 13 N. E. Rep. 753; *In re Blodgett*, 89 N. Y. 392; *In re Land in Town of Flatbush*, 60 N. Y. 398. The act is not void for violation of this provision of the constitution. The provision of section 12 of the act of 1857, which provides that on an appeal from the award of the commissioners the court may increase or diminish the amount of compensation, is in violation of article 1, § 7, of the constitution, which requires that the compensation to be taken when private property is taken shall be ascertained by a jury, or by commissioners, and is void. That portion of the law may be stricken out, and that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which is void. The remaining portion of the section allows an appeal, and the court, upon such an appeal, may confirm the report of the commissioners or vacate the same, and order a new proceeding and appraisement. The unconstitutional provision does not affect the validity of the remaining portion of the law. *Gordon* v. *Cornes*, 47 N. Y. 617; *People* v. *Bull*, 46 N. Y. 69; *In re Village of Middletown*, 82 N. Y. 196, 202; Cooley, Const. Lim. 178. Ladd & Smallman, the owners who oppose, have never consented to the taking of the water sought to be obtained in this proceeding, and in opposition to it they insist that, whatever rights the petitioner had to take land or water against the will of the owner under chapter 156, Laws 1857, and the amendments previous to chapter 36, Laws 1890, that act took away such rights, and that now land or water needed for the purposes of this corporation cannot be obtained for the necessary purposes of the company except by the consent of the owners. I have maintained in this opinion that before the passage of this last act the petitioner, under its act of incorporation, was required to furnish water to the village of Malone for municipal purposes, and to the residents of that village who desired the same for domestic purposes, and that, to enable the company to do this, it was given the right to take necessary land and water, against the will of the owners, upon making the compensation required by the act. A corporation, when not specially prohibited by law, may conduct the business that it has authority to do in the same manner and through the same instrumentalities that an individual could conduct it. As agreements, contracts, grants, and leases for the sale, use, and distribution of water that the company could lawfully furnish were the usual, proper, and necessary instrumentalities of conducting the business, the company could properly make them before the passage of the act of 1890, and the provisions of that act, to the extent that the company had such right before, gave no additional

rights.   The company, before the passage of the act of 1890, could furnish water and take property to enable them to do it, as before stated.   It could furnish water for private purposes of such character that the public had no interest in it, if it could get the water to furnish with the consent of the owner; but no legislative act could give it the right to take water for any private use.   Chapter 36, Laws 1890, amended section 17, c. 156, Laws 1857, as amended by chapter 161, Laws 1886.   The only respect in which the section was amended by the act of 1890 was by addition thereto as follows:   "And the said company may make any agreements, contracts, grants, and leases for the sale, use, and distribution of water for domestic, ornamental, mechanical, or other purposes within the village or town of Malone that may be agreed upon between said company and any individuals, associations, or corporations, which agreements, contracts, grants, and leases shall be at reasonable rates, and shall be valid and effectual in law."   Section 2. "The foregoing amendments shall not be construed to authorize on the part of said water-works company any acts which may injuriously affect the rights of any parties having interests in the water taken by said company under such amendments, and the claims of such parties to damage, if any they may have, are deemed reserved to them."   No portion of the original acts are repealed, either by direct enactment or because other enactments inconsistent with them have been substituted in their place.   All the provisions of the law in force in reference to petitioner must be construed together, and, if possible, effect must be given to each.   The act of 1890 gives the water-works company the right, in addition to the right it had before its enactment, to furnish water for domestic purposes in the town of Malone and in said town and village of Malone to individuals, associations, and corporations, for ornamental, mechanical, and other purposes.   That they may lawfully do, if they can obtain water with the consent of the owners; but for the additional purposes contained in the amendment that act does not, nor could any legislative act, authorize them to take water, without the consent of the owner, to be furnished for such purposes.   The general scheme of the law is not affected by the act of 1890.   Upon the petition, on the assumption that it is true, commissioners should be appointed, with special instructions in regard to the appraisement of damages in accordance with the views herein stated.