JOHN H. JONES, Executor, etc., Respondent, *v.* JOHN SHELDON, Appellant.

The provision of the act of 1867 amending the act to prevent animals from running at large upon the highways (Laws of 1867, chap. 814, § 2), which gives a remedy for injuries by cattle trespassing, applies only to cattle trespassing upon premises from the highway; it has no application to the case of a trespass by the cattle of one gaining access through a division fence to the lands of an adjoining owner.

Although the title is no part of a public act, yet it is of some force in showing the purpose of the act.

(Argued December 4, 1872; decided December 10, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon the decision of the court at circuit upon trial without a jury.

This action was brought to recover damages for an alleged conversion of ten cows. Plaintiff's testator, William Whitmore and defendant were the owners of adjoining lands; ten cows belonging to Whitmore broke through the division fence and trespassed upon the lands of defendant, who seized them and caused them to be sold in proceedings conducted

according to the requirements of chapter 814, Laws of 1867. The court held that that act only applied to cases of trespass committed by animals at large in the highway or gaining access to private premises from the highway, and directed judgment for plaintiff. Judgment was entered accordingly.

*J. B. Adams* for the appellant. Chapter 814, Laws of 1867, applies to private trespasses by animals, without reference to their having been on the highway. (*Rockwell* v. *Nearing*, 35 N. Y., 302 ; *Fox* v. *Dunckel*, 46 id., 693 ; *Cook* v. *Gregg*, id., 439.)

*Scott Lord* for the respondent. Chapter 814, Laws of 1867, does not apply to the respondent's cattle, they not having entered appellant's inclosure from the highway. (*Shotwell* v. *Mali*, 38 Barb., 445 ; *Cowles* v. *Balzer*, 47 id., 562, 571 ; *Ward* v. *Whitney*, 8 N. Y., 446.)

P<span></span>ECKHAM, J. The question involved is whether the act amending the act " to prevent animals from running at large in the public highways," passed in 1867, provides a remedy for injuries by cattle, etc., escaping on to a lot through a division fence, and not from the highway.

In this case the cattle so escaped, and the party trespassed upon seized them under that statute, and they were sold. The owner brought an action for their seizure, and the defendant, after a general denial, set up their seizure, etc., under this act, alleging that they escaped on to his premises through a defect in a part of the division fence which this plaintiff was bound to make and maintain.

Upon the trial before Mr. Justice D<span></span>WIGHT, he held that this remedy did not apply to such a case. This judgment was affirmed, and the defendant appealed.

The provision under which this question arises is as follows : " It shall be lawful for any person to seize, take into his custody, and retain till disposed of as required by law, any animal which may be in any public highway and opposite to land owned or occupied by him, contrary to the provisions

of the foregoing section, or of any animal which may be tres-
passing upon premises owned or occupied by him." (2 Laws
of 1867, p. 2036, § 2.)

Although the title constitutes no part of a public act,
yet its universal use by the legislature is of some force in
showing the purpose of the act.

It is plain that the purpose of this act, as well as of the act
amended and again amended in 1869, was to protect the pub-
lic highways, streets and parks against the running at large
of cattle and animals named. It imposes penalties upon own-
ers for suffering it.

To make it more effectual for this purpose, the act of 1869
prohibits the herding or pasturing of cattle, etc., in the high-
ways, and directs their seizure when "so found running at
large or being herded or pastured." (1 Laws of 1869, p. 949,
§ 1.)

There is no provision in either act which seems to contem-
plate the seizure of animals for escaping through a division
fence upon an adjoining owner. Nor is any provision
made for trying the question as to the sufficiency of any
division fence in the trial provided for in this act.
On the contrary, it expressly provides for a trial of the
right and grounds of any seizure, only by allowing the defend-
ant or person appearing, "to deny, under oath, any or all the
facts alleged in said complaint," and then "an issue shall be
deemed joined in said proceeding, and the subsequent pro-
ceedings shall be as in civil actions," etc. (§ 3.)

In an action of trespass, *quare clausum fregit*, a defence
that the animals escaped through a portion of the division
fence which the plaintiff was bound to maintain, was necessary
to be pleaded. This was so at common law, and I think it is
so under the Code. (1 Chit. Pl., 534, 622, 636.)

If this act be construed as applying only to seizures of cat-
tle trespassing on premises from the highway, then such a
plea seems sufficient. No question as to the sufficiency of a
fence can arise then, as no fence against animals so running at
large is necessary.

It is difficult to conceive of any defence that would not be admissible under this answer, if the act be confined to escapes from the highway.

There are now full and adequate provisions in the Revised Statutes for trying all questions as to the sufficiency of division fences, and for all litigation growing thereout.

That the legislature should subject trespasses by animals from the highway to the provisions of this act, is in harmony with its purpose as declared by its title, and it does the better protect the highway from the unlawful invasion of animals. Whereas, trespasses through division fences have no connection with the purpose of the act.

In *Shepherd* v. *Hess* (12 J. R., 433) a town passed a by-law, that "all hogs shall be kept up." This the court held had only application to a trespass done through an outer fence adjoining a highway or common; not to an inner or partition fence between two neighbors.

In our view, this statute has no application to trespasses through division fences between neighbors, but only to those committed from the road. The former, we think, are without the scope and purpose of the act.

The judgment should be affirmed.

All concur except ALLEN, J., not voting.

Judgment affirmed.