FRANKLIN COLES, RESPONDENT, v. DAVID BURNS, APPELLANT.

*Application to sell animals for trespassing on lands of the applicant—requisites of the complaint—what amendments should not be allowed—chapter 459 of 1862, and chapter 814 of 1867—meaning of the term "running at large" as used in.*

In order to give a justice of the peace jurisdiction of an application to sell animals, seized, under chapter 459 of 1862, as amended by chapter 814 of 1867, while trespassing upon the lands of the applicant, the complaint must allege that the animals escaped upon the land from the highway.

It is improper to allow the complaint to be amended by the insertion of this allegation after the defendant has answered, and the case has been called for trial.

The term "running at large," as used in section 1 of the said act, implies permission or assent, or at least some fault or neglect on the part of the owner of the animals.

Where animals escape from their owner's premises, after due precautions to secure them have been taken, and without any default or neglect on his part, and he thereafter makes immediate and suitable efforts to secure and recover them, they cannot be said to be "running at large," within the meaning of the said act.

APPEAL from a judgment of the county judge of Queens county, reversing the verdict of a jury in a statutory proceeding taken before a justice of the peace, under the acts to prevent animals from running at large in the public highway. (Ch. 459 of 1862, as amended by ch. 814 of 1867.)

The parties are owners of farms in Queens county, situated on the opposite sides of a public highway. On the morning of May 24, 1879, a mare belonging to the appellant slipped

her halter, and ran across the appellant's farm into and upon the highway. She was followed by her foal. The animals ran upon the highway, passing the farm of the respondent, and, then, suddenly turning homewards, went along the highway opposite the respondent's farm, and turned into a lane opening from the highway, which divided the farm of the respondent from the adjoining farm of his brother, and which was not guarded from the approach of estrays by a gate or other barrier. From this lane the appellant's cattle went upon the respondent's farm.

Soon after the escape of the mare and foal from the appellant's premises, his servant pursued the animals, in order to bring them home. He lost sight of them as they ran upon the highway past the respondent's premises; subsequently perceiving that they had returned, he retraced his steps, until, coming to the lane between the respondent's farm and the farm of respondent's brother, he perceived the tracks of the mare and foal in this lane; and, following those tracks, found that they had entered upon the respondent's premises. The servant of the appellant asked to have the animals restored to him, but this was refused unless the sum of two dollars was paid. Upon the hearing the plaintiff was allowed, against the defendant's objection, to amend his complaint by inserting the words, "that said animals came upon said premises from the public highway."

The respondent, on issue being joined, demanded a jury, which was duly impaneled, and, after hearing all the testimony, found a verdict for the appellant. From this verdict an appeal was taken by the respondent here. The appeal was heard by the county judge, who reversed the judgment and finding of the jury. From this judgment of reversal the owner takes this appeal to the General Term.

*Richard Busteed* and *Edward Cromwell*, for the appellant.

*Edward Nicoll*, for the respondent.

GILBERT, J.:

Technically, the animals in question were trespassing on the plaintiff's premises. The trespass, however, was wholly involuntary.

Perhaps the plaintiff might have maintained an action for such trespass, though that is by no means clear, for the reason that it appears that the gate of his lane, through which the animals went on his premises, had been left open. If it was his duty to keep the gate shut, then, his neglect to do so would defeat his action, for a man cannot recover for an injury occasioned, in any degree, by his own default. And, in such a case, it was lawful for the defendant to go upon the plaintiff's land after the animals, and chase them back into his own land. (Addison on Torts, ch. 6, § 1.)

The question, however, before us is, not whether a trespass was committed by the defendant's animals, but it is, whether the plaintiff had the right to seize them summarily, and detain them until payment by the defendant of the sum of $2, arbitrarily and unlawfully demanded by the plaintiff. The statute which authorizes the summary seizure, by private individuals, of animals belonging to their neighbors, is entitled " An act to prevent animals from running at large in the public highways." (Laws of 1862, ch. 549, as amended by Laws of 1867, ch. 841.) The second section thereof provides that, " it shall be lawful for any person to seize and take into his custody, and retain till disposed of, as required by law, any animal which may be in any public highway, and opposite to land owned or occupied by him, contrary to the provisions of the foregoing section; or of any animal which may be trespassing upon premises owned or occupied by him." As the statute is in derogation of the common law for the protection of private rights, it must be construed strictly, and limited by such construction to the object which the Legislature intended to accomplish. Such object seems, to us, to be perfectly plain. It was, as declared by the title of the statute, to prevent · animals from running at large in the highways. We think, also, that the authority to seize animals which are trespassing, is limited to animals running at large, and that the phrase " contrary to the provisions of the foregoing section," in section 2 of the said act, was intended to qualify the whole section, and should be transposed accordingly. For it would be unreasonable to suppose that the Legislature intended to confer upon private persons the power of redressing injuries to themselves, occasioned by trespasses on their

lands, disconnected from the prohibition contained in the first section of the statute. Indeed, an enactment having that effect would be, at least, of doubtful constitutionality.

The first section of the act makes it unlawful for any cattle, horses, &c., to run at large in any public highway, &c. Were the animals of the defendant running at large, within the meaning of the statute, when they entered the plaintiff's premises? We think not. The statute is a penal one, yet it was not intended to punish misfortune. The phrase "running at large," implies permission or assent, or, at least, some fault on the part of the owner. When animals escape from their owner, after due precaution to secure them has been taken, and without fault or negligence on his part, and he makes immediate and suitable efforts to recover them, they cannot be said to be running at large. Statutes must have a sensible construction, with reference to the evil to be remedied by them. For example, animals may be running at large, although, when seized, they were walking or lying down. A horse that has thrown its rider in the highway and escaped, a cow turned out of a pasture at evening and going home, droves of sheep, hogs, or other cattle being driven to market, though for the moment unattended by the drover, can hardly be said to be running at large, within the meaning of the statute. Nor, in our judgment, were the plaintiff's horses running at large when the trespass complained of was committed. The defendant's horses escaped from his premises, without his knowledge, and, as far as it appears, without any fault or negligence on his part. Immediately after their escape, he sent a servant in pursuit of them, when they were found, within a very short time, upon the defendant's premises. The escape was a mere accident. Such a case cannot reasonably be brought within the statute cited.

We think, therefore, that the verdict of the jury was right and that the County Court erred, and the judgment appealed from must be reversed, with costs.

PRATT, J., concurred.

BARNARD, P. J.:

The Court of Appeals in *Jones* v. *Sheldon*, 50 N. Y., 477, held

that chapter 814 of Laws of 1867, had no reference to animals which were taken under its provisions, unless the same escaped upon the owner's premises from the highway.

It was the duty of the plaintiff to make a complaint under oath, that the animals which he applied to sell under this act were seized under its provisions. The affidavit did not state that the animals in question escaped from the highway. The jurisdiction of the justice to issue the summons depended upon this fact. It was improper to amend the complaint by inserting this allegation at the time the owner answered; he was there to answer the complaint upon which the proceedings had been taken, and he objected to the amendment; he was then entitled to have the proceedings dismissed. (2 Wait Law & Practice, 759, 150, 98.)

Judgment of County Court reversed and that of justice affirmed, with costs.