82 | 196
112 | 314
82 | 196
148 | 554
82 | 196
j 150 | 521
82 | 196
151 | 564
82 | 196
160 | 239
82 | 196
173 | ⁵230

In the Matter of the Application of the VILLAGE OF MIDDLE-TOWN for the appointment of Commissioners to take Water, etc.

The act of 1866 (chap. 347, Laws of 1866), entitled "An act to supply the village of Middletown with water for public and private purposes," and the amendatory act of 1879 (chap. 85, Laws of 1879), are not unconstitutional as authorizing the taking of private property for private use; the acts simply contemplate a public use.

When the language of a statute is apt and the construction plain, the construction cannot be affected by the title; that can only be resorted to when the statute itself is doubtful or ambiguous.

The said act of 1866 is not violative of the constitutional provision declaring that "no private or local bill    *    *    *    *    shall embrace more than one subject, and that shall be expressed in the title." The act embraces but one subject, the supplying of the said village with water, which is expressed in the title; the words "and private" therein are surplusage.

The provision of the act (§ 3 as amended in 1879), empowering the commissioners appointed under it to appraise the compensation, also to fix and limit the maximum of water to be taken, etc., is not repugnant to the Constitution; there is no constitutional prohibition, express or implied, against conferring additional powers upon commissioners appointed to appraise the compensation for property taken for public use.

The said act is not unconstitutional because of failure to provide for giving notice to land-owners or parties interested of application for the appointment of commissioners; it is sufficient that it provides for notice of hearing.

Where, in such case, opportunity to appear and be heard is secured, it is within the power of the legislature to determine the form, time and manner of notice.

It is not essential under said act that the damages of all parties interested should be assessed in one proceeding.

Accordingly, held, that it was not a valid objection to proceedings under the act, for the appointment of commissioners; that there were owners whose rights would be affected by a diversion of the water to whom no notice of the application had been given.

The provision of said act (§ 4), providing that on appeal from the award of commissioners, the court may increase or diminish the compensation, is violative of the constitutional provision (art. 1, § 7), declaring that the compensation for property taken for public use shall be ascertained by a jury or by commissioners. But, held, that this unconstitutionl provision did not invalidate the remainder of the act; as, with it stricken out, the remainder was complete in itself and capable of being executed.

Statement of case.

Also *held*, that under the provision of said act (§ 3), making it a condition precedent to an application for the appointment of commissioners, that the trustees, after effort made by them for that purpose, had failed to agree with any owner or occupant upon the amount of the damages, all that was requisite was that negotiations should proceed far enough to indicate that an agreement was impossible; that an effort to agree was all that was required; and where an owner put a price upon his property ten times above its value, that it was equivalent to a refusal to come to an agreement.

Also *held*, that an effort and failure to agree preceding the passage of the amendatory act of 1879 was sufficient.

(Submitted June 15, 1880; decided September 28, 1880.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term, appointing commissioners under the act chapter 347, Laws of 1866, as amended by chapter 85, Laws of 1879, to appraise the compensation to be paid to owners of lands and water rights, to be taken for the purposes of said acts.

The facts are sufficiently stated in the opinion.

*D. F. & H. Gedney* for appellants. The act of 1866 (chap. 347) is unconstitutional and void, because it is a local act, and more than one subject is expressed in its title and in the act itself. (*People* v. *O'Brien*, 38 N. Y. 193; *People* v. *Suprs. C. Co.*, 43 id. 11; *People* v. *Hills*, 35 id. 449.) The statute is one that must be literally construed and complied with before the court can acquire jurisdiction, as it is in derogation of private right. (*R. & S. R. R.* v. *Davis*, 43 N. Y. 137; *Matter of Marsh*, 71 id. 315.) This proceeding cannot be maintained until all the owners have been brought in, and effort made to agree with them upon compensation. (Potter's Dwarris on Statutes, 396; *Taylor* v. *Porter*, 4 Hill, 140; *Westervelt* v. *Gregg*, 12 N. Y. 202; *Happy* v. *Mosher*, 48 id. 313; *Stuart* v. *Palmer*, 74 id. 183.) The Constitution itself provides for the appointment of commissioners, and the legislature can only provide for their appointment for the purposes and under the circumstances established by the Constitution. (*Rochester W. Works* v. *Wood*, 41 How. 53; Constitution, art. 1, § 7.) That

provision of section 4 of chapter 347, Laws of 1866, which provides that the court, on appeal from the award of the commissioners, may "increase or diminish the amount of compensation" is unconstitutional. (Constitution, art. 1, § 7; *Roch. W. Works* v. *Wood*, 41 How. 53.) The act is unconstitutional, because it makes no provision for notice of the application to appoint commissioners. (*Stuart* v. *Palmer*, 74 N. Y. 183.)

*Charles H. Winfield* for respondents. The act creating the corporation of "the village of Middletown," and the acts amendatory thereof are not unconstitutional, under section 16 of article 3 of the Constitution of the State of New York. (*People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 553; *Kerrigan* v. *Force*, 68 id. 381; *People ex rel.* v. *Brinkerhoff*, id. 259; *Matter of P. & C. I. R. R. Co.*, 67 id. 371; *People ex rel.* v. *Banks*, id. 568; *People ex rel.* v. *Dunlap*, 66 id. 162; *Sun M. Ins. Co.* v. *Mayor*, 8 id. 241; *Matter of Van Antwerp*, 56 id. 261; *People* v. *Lawrence*, 36 Barb. 177; *People* v. *B. & F. Plankroad Co.*, 27 Barb. 445; *De Camp* v. *Eveland*, 19 id. 81; *Mosier* v. *Hilton*, 15 id. 657; *Grenton* v. *Griffin*, 4 Abb. Pr. [N. S.] 310; *People* v. *Trustees of Dansville*, 1 Hun, 593.) As the title of the act of 1866 states it is an act to amend the charter, it is not material that it mentions some of the particulars contained in the act and omits others. (*People ex rel. Faulkner* v. *Trustees*, 1 Hun, 593.) The Constitution does not require a full declaration and statement of all that was to be accomplished by the proposed act in the title of a private or local bill. (*People ex rel. Com.* v. *Banks*, 67 N. Y. 568.) The acts of 1866 (chap. 347) and of 1879 (chap. 85) are not unconstitutional upon the ground that they authorize the taking of private property. (50 N. Y. 553; 2 Black. Com. 14, 18.) The petition is well executed, though it does not embody a resolution of the board of trustees authorizing its presentation. (*Mad. Ave. Bap. Ch.* v. *Bap. Ch. in Oliver St.*, 46 N. Y. 131; *Matter of St. Ann's Church*, 23 How. Pr. 285; *Matter of Sec. Bap. Soc. in Canaan*, 20 How. Pr. 285; *South Bap. Soc.* v. *Clapp*, 18 Barb. 35.) No undertaking having

been filed on this appeal, as required by sections 1326 and 1334 of the Code of Civil Procedure, the appeal is ineffectual for any purpose and cannot be entertained by this court. (*Raymond* v. *Raymond*, 76 N. Y. 106 ; N. Y. Weekly Dig. 149.)

Finch, J. The statutes assailed in this case (chap. 347, Laws of 1866, as amended by chap. 85, Laws of 1879) are not unconstitutional. They do not authorize the taking of water for a merely private use. While the title of the act indicates that the water supplied is for both public and private purposes, it must be construed to mean only such private purposes as are incidental to the public use and more or less. involved in it, since the act itself contains no provision for other than a public use and is framed for that alone. It does not purport to benefit individuals, save and except as they share in the public use. We may resort to the title of an act for aid when the statute itself is doubtful or ambiguous, but not where the language is apt and the construction plain. (*Cumines* v. *Supervisors of Jefferson*, 63 Barb. 287 ; *Pumpelly* v. *Owego*, 45 How. Pr. 219.) We are not to adopt a rigid interpretation for the purpose of invalidating a law or resort to the title for aid in the effort. (*Kerrigan* v. *Force*, 68 N. Y. 81.) The provision of the act that the village may take the water " in such quantities as its necessities and convenience may require or its corporate authorities may deem necessary or proper" does not aid the appellant. The latter clause relates only to the *quantities* to be taken and does not change the use. It permits the corporate authorities to determine how much water it is necessary to take for the public use, but does not authorize them to take for a merely private purpose. While the language referred to is broad, its meaning is very plain and does not travel beyond the public use, and the necessities involved in it. Nor is the act of 1866 objectionable as expressing more than one subject in its title. The two subjects claimed are supplying the village with water for both public and private purposes. The view we have already taken disposes of the difficulty. The only subject embraced in the bill is supplying the village of Middle-

town with water for public purposes, and that subject is expressed in the title. (Const., art. 3, § 16.) The further words, relating to private purposes, are merely harmless and unnecessary and have no additional subject in the act itself to which they can apply. In effect, the bill contains but one subject and that the title expresses.

The objection raised to the amendatory act of 1879 that it is void as amending an unconstitutional act by title is practically already answered. The act amended was not unconstitutional, and the title of the amending act is sufficient. (*People* v. *Bridge*, 50 N. Y. 553.)

It is next objected that no efforts to agree with the owners affected by the power conferred upon the corporate authorities were sufficiently shown. The petition alleged that fact. The inquiry here is confined to Norbury and Deckers, who are the only appellants before us. As to Norbury, the petition alleges that when called on to fix a price he named $8,000, a sum which the trustees claim to be more than ten times the value of his right. As to Deckers, they assert that when applied to to name a sum they declined to do so, and that their property is so incumbered by mortgages and judgments as to make it difficult, if not impossible, to fix a price in which all would concur. On the other hand, Norbury admitting that he named $8,000 claims that it was before the first application for commissioners, and that no proposition was at any time made on behalf of the trustees, except that by letter they stated to him how, and to what extent, they proposed to divert the water. Deckers made no affidavit in opposition. It is quite evident that negotiations had gone far enough between the trustees and these parties to indicate that an agreement was impossible. The former were not called upon to name a price, when that fixed by Norbury was so extravagant as to amount practically to a refusal. An effort to agree is all that is required; not a series of efforts or a negotiation prolonged into a debate. We think, upon the facts, the conclusion of the Supreme Court was, at least so far, sustained by evidence as to justify the appointment of the commissioners. That the effort to agree

with Norbury preceded the act of 1879 is made immaterial by section 3 of the act, which provided that an effort already made need not be repeated. We do not think the objections taken to this provision were well founded.

It is further suggested that the act is unconstitutional, because beyond appraising the compensation to be made; it authorizes the commissioners to fix and limit the maximum amount of water to be taken, and the times and periods when it should be drawn. The argument is that under the Constitution compensation is to be made by a jury or not less than three commissioners, and that the legislature can confer on them no other power. We find no such prohibition in the instrument. It is not our duty to put one there by an unnecessary inference. Indeed, the power conferred might well be deemed to be involved in the power to make compensation. The maximum amount of water to be taken, and the times or occasions, such as to draw on the stream only for surplus, are essential elements of the damages to be awarded without fixing which a just compensation could not be ascertained. The power to determine these questions must be lodged somewhere, and we know of no constitutional provision which forbids conferring it upon the commissioners.

It was objected that the act is unconstitutional because it does not provide that notice of the application for the appointment of commissioners should be given to the land-owners or parties interested. It is undoubtedly true that the latter are entitled to such notice of the proceeding as enables them to appear and be heard, but it is not essential to the validity of the act, however proper and appropriate it might be, that they should have notice of the formation of the tribunal which is to determine the damages. The act provides for notice of the hearing and gives ample protection in that regard to the rights of parties. If opportunity to appear and be heard is secured, it is wholly within the power of the legislature to determine the form and time and manner of notice to be given. (*Matter of the Empire City Bank*, 18 N. Y. 217; *Owners of Grounds, etc.*, v. *Mayor, etc., of Albany*, 15 Wend. 374.)

The further objection that there were owners whose rights would be affected by a diversion of the water, and upon whom no notice of the application had been served, amounts in the end to a claim that all damages suffered by all owners must be assessed in one proceeding, for if it may be done in several, the other owners may be proceeded against hereafter, and until then are not bound. Their damages are not assessed nor their rights affected by the proceeding before us, to which they are in no sense parties. We do not think the statute contemplates or requires a single proceeding. It nowhere imposes that condition. On the contrary, its language that if the trustees cannot agree with " any owner or occupant," they may apply for commissioners to make compensation for the damages suffered by " any person or persons," seems very plainly to leave to the trustees the option of one proceeding or many. At all events, in the absence of express directions in the statute to the contrary, we ought not to require that all proceedings under the act should be massed in one.

It is claimed, also, that the provision of section 4 of the act of 1866 providing that on appeal from the award of the commissioners the court may increase or diminish the amount of compensation is unconstitutional. That must be admitted. The Constitution provides (art. 1, § 7) that the compensation to be paid when private property is taken for public use shall be ascertained by a jury or by commissioners. To allow the court, on appeal, to increase or diminish the award is to take the question from the constitutional tribunal and so violate the fundamental law. But it does not necessarily follow that this unconstitutional provision destroys the whole act. Where a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void, unless the provisions are so connected together in subject-matter, meaning, or purpose, that it cannot be presumed the legislature would have passed one without the other. (*People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 566.)

A section of the Normal School Act of 1866, which appropriated $12,000 annually to the support of such schools out of

the common-school fund, we held to be unconstitutional in that respect, but sustained the validity of the remainder of the act, on the ground that so long as the legislature had the requisite power to carry into effect the general designs of the act, though it may have erred in matter of detail, yet as this error was capable of an easy remedy it should not be held to defeat the whole act. (*Gordon* v. *Cornes*, 47 N. Y. 617.) Where one section of an act passed by the legislature lengthened an officer's term, and the second section fixed the date of the next election for the same office, we held that the first section was void but the second remained, because not so dependent upon or connected with the first section but that it could be operative without it. (*People ex rel. Fowler* v. *Bull*, 46 N. Y. 69.) The rule, gathered from a large number of cases, has been well stated to be that " if, when the unconstitutional portion is stricken out, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained." * * * " If a statute attempts to accomplish two or more objects, and is void as to one, it may still be, in every respect, complete and valid as to the other. But if its purpose is to accomplish a single object only, and some of its provisions are void, the whole must fail, unless sufficient remains to effect the object without the aid of the invalid portion." (Cooley on Const. Lim. 178.) These principles make it very clear that the defective provisions in the act under discussion do not, in their fall, carry with them the rest of the act. The objectionable clause may be discarded without at all marring the symmetry, or changing the scope and purpose of the act, or defeating its obvious intention and aim. If so discarded, there still remains an assessment of damages by commissioners, a right of appeal by the trustees or the land-owners to the court, which is thereupon authorized to confirm the proceedings on the one hand, or set them aside on the other. The general plan and purpose remains, and is complete, effective and operative, after the unconstitutional provision is rejected. There is nothing in that provision so connected in subject-mat-

ter, meaning or purpose with the main scope of the act as to indicate that the legislature would not have passed the latter without the former. No one can doubt that if the attention of the legislature had been drawn to its lack of power to enact the provision objected to, it would nevertheless have passed the act without the unconstitutional provision. It was a mere errror of detail which did not necessarily enter into or form an essential part of the statute. We think, therefore, there is no sufficient reason, in the defect pointed out, for declaring the entire act void.

The order appealed from should be affirmed.

All concur, except ANDREWS and DANFORTH, JJ., dissenting.

Order affirmed.