IN THE MATTER OF THE APPLICATION OF THE NEW ROCHELLE
WATER COMPANY.

*Power of eminent domain may be conferred upon corporations created under chapter
737 of 1873, providing for the formation of water-works companies in towns and
villages.*

Chapter 737 of 1873, providing for the creation and formation of water-works
companies in the towns and villages of the State, as amended by chapter 415 of
1876, and chapter 321 of 1881, confers upon such companies the power to take
lands by condemnation, upon making compensation as is in such amendatory
acts provided for; and is constitutional and valid.
*Matter of Middletown* (82 N. Y., 196) followed

APPEAL from an order made at the Westchester Special Term
and entered in Kings county, appointing commissioners to appraise
damages for lands to be taken by the New Rochelle Water
Company.

The petitioning corporation was formed under the act of the
legislature of this State, entitled "An act in relation to the formation
of water-works companies in towns and villages in the State of New
York," known as chapter 737 of the Laws of 1873, and the amenda-
tory and supplemental acts (Laws 1876, chap. 415, and 1881, chap.
321), to supply the village of New Rochelle with water. At the hear-
ing on the motion for the appointment of the commissioners, testimony
was given in support and in contravention of the allegations contained
therein; and the counsel for Cook and Seacor, property owners, who
refused to sell their lands and opposed the application, moved to
dismiss the petition and proceedings, on the ground that such acts
were unconstitutional, so far as they authorized the taking of land
without the consent of the owners. The court denied the motion
and decided that the applicant was entitled to the appointment of
commissioners.

*Joseph D. Fay,* for Seacor and Cook, land owners, appellants.

*Martin J. Keogh,* for the petitioner respondent.

BARNARD, P. J.:
The legislature by a general act authorized the formation of a
company to furnish pure and wholesome water to the towns and

villages of the State. (Chap. 737, Laws of 1873, p. 1100.) This act did not contemplate that lands and water rights for this purpose should be acquired, except by purchase from the owners. By chapter 415, Laws of 1876, the right is given to acquire lands by condemnation, for the purposes of the public use. The same right is again given by chapter 321, Laws of 1881, and the purposes for which water might be furnished were increased. The legislative power under which these proceedings are taken is ample. The laws are constitutional Water may be taken for the public use, and even in a case where a legislative act authorized the taking of water by a village for public and private use, it was held by the Court of Appeals that it must be so construed as to mean that the private use was only incidental to the public use and involved in it. (Chap. 347, Laws of 1866; *Matter of Middletown*, 82 N. Y., 196.) When the use is a public one it is within the constitutional power of the legislature to authorize by general law the formation of an indefinite number of corporations with power to take by condemnation the lands necessary for the public use on compensation being made (*Buffalo, etc., R. R.* v. *Brainard*, 9 N. Y., 100.)

The order should be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.