MAYOR, ETC., OF THE CITY OF NEW YORK *v.* WOOD *et al.*

*(Common Pleas of New York City and County, General Term.* July 22, 1889.)

1. MUNICIPAL ORDINANCES—REPEAL.

Rev. Ord. N. Y. City 1880, c. 6, art. 4, providing that no person shall place or hang any sign more than one foot in front of any house, under a prescribed penalty, is not impliedly repealed by Ord. March 30, 1886, permitting signs to be placed on the fronts of buildings, but requiring them to be securely fastened, and, except in the case of swinging signs, providing that they shall not project more than one foot from the house wall, but fixing no penalty for its violation; there being nothing inconsistent in the two provisions, as the latter only expressly permits an act which the former ordinance only tolerated by not making it penal.

2. SAME—VIOLATION—SUMMONS—SUFFICIENCY.

Under Code Civil Proc. N. Y. § 1897, providing that, in actions for the recovery of a penalty given by statute, a general reference to the statute shall be indorsed on the summons, followed by a description identifying the statute with convenient certainty, it is enough if an ordinance alleged to be violated is particularly mentioned, and the substance thereof indorsed on the summons.

Appeal from Eleventh district court.

Action by the mayor, etc., of the city of New York, against Walter Wood and another, for a violation of an ordinance relating to signs.   Judgment for

defendants, and plaintiff appeals.   Code Civil Proc. N. Y. § 1897, provides that, in action to recover a penalty given by statute, if a copy of the complaint be not served with the summons, a general reference to the statute in the form, "according to the provisions of," must be indorsed on the copy of the summons so delivered, adding such a description of the statute as will conveniently identify it, etc.

Argued before VAN HOESEN, P. J., and ALLEN, J.

W. A. Boyd, for appellant.   Respondents, in pro per.

PER CURIAM.   The summons was properly indorsed.   The ordinance violated is article 4 of chapter 6 of the Revised Ordinances of 1880, and not only is it particularly mentioned, but its substance is indorsed upon the summons. The defendants thus had the means of ascertaining from the summons what ordinance they were charged with having violated, and of learning the provisions of the ordinance from the indorsement upon the summons.   A fuller compliance with section 1897 of the Code, as that section was construed by this court in Mayor v. Eisler, 2 Civil Proc. R. 125, could not be desired.

It is argued that the ordinance referred to was repealed by the ordinance adopted on March 30, 1886.   It is not expressly repealed, for it is not mentioned, and the only question is, was it repealed by implication?   We ask, first, is the ordinance of 1880 inconsistent with the ordinance of 1886?   To that we think that only one answer can be given,—"No."   The two ordinances fit perfectly, and together form a harmonious whole.   The ordinance of 1886 provides that "signs may be placed on the fronts of buildings, and shall be securely fastened, and, except in the case of swinging signs, shall not project more than one foot from the house wall."   The ordinance of 1880 provides that "no person shall place, hang, or suspend any greater distance than twelve inches, in front of and from the wall of any house or store or other building, any sign, show-bill, or show-board, under the penalty of ten dollars for each offense."   It is a rule of construction that permission to do a thing shall not be implied from the use of negative words that forbid the doing of a different thing, and therefore it may well be said that permission to place a sign in front of the house, less than a foot in advance of the front wall, is not to be implied from the ordinance that inhibited the placing of a sign more than a foot in advance of the wall, but yet the fact is obvious that no punishment is prescribed where the sign does not project more than 12 inches. It may be assumed that the common council, when it passed the ordinance of 1880, intended to tolerate signs that did not stand more than a foot in front of the house line; but a bare toleration was not all that the citizens desired, and for that reason the ordinance of 1886 was adopted, which gave in clear and apt words permission to do that which the ordinance of 1880 merely refrained from visiting with a penalty.   But, where the sign is placed more than a foot in advance of the front of the house, it is no more protected by the ordinance of 1886 than by the ordinance of 1880.   What inconsistency is there then in punishing, under the ordinance of 1880, an act that is unwarranted by the ordinance of 1886?   Both ordinances, in words of equivalent import, forbid the placing of a sign more than 12 inches in front of the house line.   The ordinance of 1880 provides a penalty in such a case.   Why was it necessary to provide another penalty, or to provide the same penalty a second time?   Instead of being inconsistent with the ordinance of 1886, the ordinance of 1880 harmonizes with it perfectly, and is essential to the completeness of the system devised for the exhibition of signs,—a system that encourages signs that do not project more than a foot, but forbids the sign that projects a greater distance.   We think the ordinance of 1880 is still in full force, and are of opinion that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.