THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* JOHN O'NEIL, APPELLANT.

*Code of Civil Procedure, sections* 1897 1898 *require an indorsement on the summons
in an action by the people for a penalty — when the construction of an act is
determined by its title.*

The first four sections of article 3, title 4, chapter 15 of the Code of Civil Procedure,
by their terms, apply to actions by private persons.   Sections 1897 and 1898 are
general and apply to all actions, including an action brought by the People of
the State to recover penalties under sections 2 and 3 of chapter 577 of 1888, and
require that, in every action brought to recover a penalty or forfeiture, there
shall be an indorsement on the summons.

The title of an act is no part of it, although it may be used to aid in discovering
the design of the legislature, but where the language of the statute is plain the
construction will not be affected by the title of the act.

*Spoor* v. *Cornell* (12 Civ. Pro. R., 319) followed; *Townsend* v. *Hopkins* (9 id.,
258–261) overruled.

APPEAL by the defendant from an order made at a Special Term,
held in Albany county, which was entered in the office of the clerk
of the county of Columbia, on the 4th day of May, 1889, denying a
motion made by the defendant to set aside a summons in an action
for the recovery of a penalty, brought by the people under sections 2
and 3 of chapter 577 of 1888.

*James C. Matthews*, for the appellant.

*A. B. Gardenier*, for the respondent.

PUTNAM, J. :

The action was brought by the People of the State under sections
2 and 3 of chapter 577, Laws of 1888.   A motion was made to set
aside the summons on the ground that it was not properly indorsed as
required by section 1897 of the Civil Code, and denied at Special Term,
and this is an appeal from the order denying such motion.   It is not
denied that if this is a case requiring an indorsement under said section
of the Code, the indorsement made was not a compliance with the
statute.   Section 1897 is contained in article 3, title 4, chapter 15
of the Civil Code, said article containing six sections, from 1893 to
1898, inclusive, and is entitled, "Action by a private person for a
penalty or forfeiture."

It is claimed by respondent that the title limited the operation of section 1897 to actions by private persons, and that it does not apply to this action by the people, and that, in fact, no indorsement was necessary on the summons. The statute has been construed as claimed by respondent at Special Term. (See *Townsend* v. *Hopkins*, 9 Civ. Pro. R., 258, 261.) A contrary construction of the statute has been held by the General Term of the New York Common Pleas, in *Mayor* v. *Eisler* (2 Civ. Pro. R. [Browne], 125). (See, also, *Mayor* v. *Wood*, 25 N. Y. St. Rep., 907; *Young* v. *Gregg*, 9 Civ. Pro. R., 262; *Spoor* v. *Cornell*, 12 id., 319.) The first four sections of article 3, by their terms, apply to actions by private persons. Sections 1897 and 1898 in terms are general and apply to all actions; and were it not for the title there could be no doubt that section 1897 was applicable to the summons in this case. It can hardly be doubted but that the last section of the article (§ 1898) applies to all actions, whether brought by the people, a public officer, or a private person. The language is general, and the intent to apply to all actions for penalties, by whoever brought, is apparent.

In section 1897 the language is not limited to an action by a private person. The section says "*in an action.*" It would be no stronger if it said in *every action.* The plain meaning is (unless otherwise construed on account of the title) that in every action brought to recover a penalty or forfeiture there shall be an indorsement on the summons. The question is not free from doubt, but we incline to believe the construction given to the section by the General Term of the Court of Common Pleas of New York is correct.

The title of an act is no part of it, although it may be used to aid in discovering the design of the legislature. (*Jones* v. *Sheldon*, 50 N. Y., 477; *Brick* v. *Gannar*, 36 Hun, 52; *In the Matter, etc., of Middletown*, 82 N. Y., 196.) But when the language of a statute is plain and the construction apparent the construction cannot be altered by the title. (*Matter of Middletown, supra.*) In section 1897 there seems to be no ambiguity. It contains a general direction that in an action for penalties there must be an indorsement on the summons. By its terms it applies to all actions. Unless limited by the title no question could be raised as to its construction. If limited by the title, the effect is by the title to change what otherwise would be the plain and unambiguous meaning of the section.

Again, section 1897 is a substitute for section 7, article 1, title 6, chapter 8, part 3, Revised Statutes (2 R. S., 481), which required the indorsement in all actions; and although the phraseology of the present section differs somewhat from the former one, it should not be deemed that the legislature intended to change the existing and well settled law which required an indorsement on the summons in all actions, unless it clearly appears that such was the intent. (*Douglas* v. *Douglas*, 5 Hun, 140.) Again, there is no reason why the defendant is not as much entitled to a notice of what the action is brought for and under what sections of the statute, when it is commenced by the people as when brought by a private person. He could not know the object of the action any more when the people is plaintiff than when an individual brings the action. The object, the intent, of the legislature doubtless, was that a defendant sued in these actions for penalties, should at once be informed by the summons under what law and section of the law the action was commenced. The propriety of giving him that information applies in an action brought by the people as well as in one by an individual. It is reasonable to suppose that the legislature intended to make the section applicable to *all* actions by whomever brought. We conclude that section 1897 in terms applies to every action for penalties by whomever brought, and that its force is not intended to be limited by the title, and hence that the order should be reversed with costs and printing expenses and the motion made by the defendant to set aside the summons should be granted, with ten dollars costs.

LEARNED, P. J., and LANDON, J., concurred.

Order reversed, summons set aside.