*In re* CITY OF MIDDLETOWN.

*In re* NEVILLE.

*(Orange County Court.* October 22, 1891.)

CONDEMNATION PROCEEDINGS—COMMISSIONERS—RELATION TO PARTIES.

Where one of the commissioners appointed to make assessments for the expense of opening a street is related to a person interested in land to be affected by the proceeding, he is disqualified from acting as such commissioner, under Code Civil Proc. § 46, which forbids "a judge" from taking part in the decision of any case or matter if he is related by consanguinity or affinity within the sixth degree to any party to the controversy.

Application by the city of Middletown for the condemnation of certain land for a public street. Thomas Neville, a land-owner interested in the proceedings, objected that Henry Wiggins, one of the commissioners appointed to make the assessments for the expense of opening the street, was disqualified by reason of his relationship to A. V. Boak, who was also interested in the proceeding.

*S. S. Gowdey,* for Thomas Neville. *George H. Decker,* for city of Middletown and Henry Wiggins.

BEATTIE, J. The statute forbids a judge from sitting or taking part in the decision of any case or matter if he is related by consanguinity or affinity to any party to the controversy within the sixth degree. Code, § 46. The statute is simply an extension of the common-law maxim, that "no man can be judge in his own case." Broom, Leg. Max. 109. It is true that ordinarily the statute applies solely to judges *eo nomine. People* v. *Wheeler,* 21 N. Y. 86; *People* v. *Mayor,* 63 N. Y. 291. It has been held, however, "that where the persons are not judges or justices in name, then the inquiry is whether they are acting judicially in the proper sense; that is, whether they are substantially a court." *Foot* v. *Stiles.* 57 N. Y. 407. The commissioners appointed in this matter are officers created by the constitution. *In re Ryers,* 72 N. Y. 1. Any attempt by the legislature to vest in any other court or tribunal the authority given to such commissioners would be unconstitutional. *In re Village of Middletown,* 82 N. Y. 196. The commissioners are public officers appointed to discharge important judicial functions. They are to hear the parties, take evidence, and make determinations. *In re Kendall,* 85 N. Y. 302; *Foot* v. *Stiles,* 57 N. Y. 407. It is positively alleged in the moving affidavit that A. V. Boak has a partnership interest in the lands affected by this proceeding. The allegation is not denied. It follows, therefore, that as the copartners of A. V. Boak are parties to the proceeding, because of their interest in the lands, he is also a party. It is conceded that Mr. Boak and Mr. Wiggins married sisters. They are therefore related to each other within the degree named in the statute. *Paddock* v. *Wells,* 2 Barb. Ch. 332. The rights of the public and of individuals are dependent upon the regularity and validity of such proceedings. I think the objection would be fatal to any determination of the commissioners, and a commissioner should be appointed in the place of Mr. Wiggins.