HOWE'S CAVE LIME AND CEMENT COMPANY, Respondent, *v.* HOWE'S CAVE ASSOCIATION, Appellant.

*Entry on another's land through a tunnel — action therefor relates to real property — presumption of intent in making such entry — effect of the title in the construction of statutes — survey under § 1682 of the Code of Civil Procedure.*

An action brought to recover damages for an alleged unlawful entry on the plaintiff's premises by means of a tunnel sunk into the ground on an adjoining lot, and for severing and removing valuable material from the soil thereof beneath the surface of the plaintiff's land, relates to real property, and the provisions of section 1682 of the Code of Civil Procedure are applicable thereto.

The language of such section is applicable to all actions relating to real property, and the provisions of such section, being unambiguous, are not limited by the title of article 9 of title 1 of chapter 14 of part 2 of the Code of Civil Procedure.

The title of a public act is no part thereof, and while resort may be had to the title of the act for aid where the statute itself is doubtful or ambiguous, it is otherwise where the language is apt and the construction plain.

Under section 1682 of the Code of Civil Procedure, authorizing a survey of the property in the possession of a party to an action and an entry upon his prem-

ises, the court may grant the applicant leave to survey any of the property in possession of the opposite party, and in a proper case may direct a survey of a defendant's premises through a tunnel under the surface, as well as a survey upon the surface of the land.

In the absence of any proof of a wrongful or criminal intent, it will be presumed that the action of a person in sinking a tunnel on his lands, and thereafter removing valuable material below the surface of the land of an adjoining owner, was done by accident, or mistake, and without any criminal intent.

APPEAL by the defendant, Howe's Cave Association, from an order of the Supreme Court, made at the Schoharie Special Term on the 23d day of February, 1895, and entered in the office of the clerk of the county of Schoharie, adjudging that the plaintiff, its agents, attorneys and servants may enter unto and upon the lands and premises of the defendant, and within a tunnel thereon, for the purpose of making a proper and accurate measurement and survey, to establish the boundaries thereof between the parties, to ascertain, if any, what quantity of cement stone has been removed by the defendant from the lands of the plaintiff, and to make other necessary measurements.

*F. R. Gilbert,* for the appellant.

*C. B. Mayham,* for the respondent.

PUTNAM, P. J.:

The parties are owners of adjoining lots of land at Howe's Cave, N. Y., and engaged in the business of manufacturing lime, cement and building stone. Plaintiff claimed that defendant had opened a tunnel on its land about twenty rods distant from the premises of the former, and through such tunnel reached the land of said company under the surface, had trespassed thereon, and taken and removed therefrom a large quantity of valuable material. The affidavit of the manager of the plaintiff, used on the motion, states: "That the deponent gained admission to said tunnel and made some crude measurements therein alone, and that in his opinion, based on the said crude measurements so made by him, the defendant has wrongfully and unlawfully taken out of said tunnel and used of the cement stone of this plaintiff covering a space of about three rods wide and forty rods in length, and of the height of about seven feet; that the length of said tunnel, before it reaches the plaintiff's

lands, is about twenty rods, and that the actual amount of stone removed from plaintiff's lands cannot be anything like accurately ascertained without a survey and actual accurate measurement and computation made by a competent civil engineer and surveyor; that the only way such survey and measurement can be made is by entering said tunnel for said purpose, and that in order to make such survey and measurements competent engineers and surveyors and assistants will have to pass through defendant's tunnel a distance of about twenty rods before reaching the lands of plaintiff, and that measurements of the length of said tunnel on defendant's lands and the courses and distances will have to be taken by the said engineer or surveyor, and also measurements, distances and courses on the surface of defendant's lands will have to be made from the mouth of the said tunnel to the lands of the plaintiff."

The plaintiff commenced this action to recover damages for the said alleged trespass and injury to its premises, and obtained an order that plaintiff might enter upon defendant's premises to make a survey within the said tunnel and on the surface of defendant's land, under the provisions of section 1682 of the Code of Civil Procedure, which reads as follows: "If the court, in which an *action relating to real property* is pending, is satisfied that a survey of *any of the property in possession of either party*, or of a boundary line between the parties, or between the property of either of them and of another person, is necessary or expedient to enable either party to prepare a pleading, or prepare for trial, or for any other proceeding in the action, it may, upon the application of either party, upon notice to the party in possession, make an order granting to the applicant leave to enter upon that party's property to make such a survey."

Defendant appeals from the order so granted, claiming that the provisions of section 1682 do not apply to this action.

It clearly appears from the moving affidavits that the action which the plaintiff has commenced *relates to real property*. On the trial plaintiff will be compelled to show its title to the premises in question, and also that defendant has trespassed thereon and removed stone and material therefrom. An action of trespass against a defendant for entering on land of another and cutting down and carrying away wood and timber is placed, in the Code of Civil Pro-

cedure, among the actions relating to real estate.   So this suit to
recover for an alleged unlawful entry on plaintiff's premises, and
for severing and removing valuable material from the soil, must be
deemed to relate to real property.

But section 1682 (*supra*) is contained in article 9, title 1, chapter
14, part 2, Code of Civil Procedure, and the title of article 9 reads
as follows : " Provisions applicable to two or more of the actions
specified in this title."   The learned counsel for the appellant urges
that such an action as the moving papers show that plaintiff has
commenced is not specified in title 1 (*supra*), and, hence, the pro-
visions of section 1682 do not apply ; that the provisions of section
1682 are only applicable to an action specifically mentioned in title
1, as actions of ejectment, partition, dower or foreclosure ; · actions
to compel the determination of claims to real property ; actions for
waste and nuisance ; that the 8th article of title 1, entitled " other
actions relating to real property," does not mention such an action
as the one under consideration, although it does refer to actions of
trespass for cutting down and carrying away wood or timber.   The
learned counsel, therefore, insists that although section 1682 applies
in the case of an action for trespass in entering upon land and cutting
down wood or timber, it will not so apply where the action is brought
for trespass in entering upon land and removing stone and material
therefrom.

As we have seen, the suit clearly relates to real property.   We
think the language of section 1682 should be deemed applicable to
*all* such actions.   There is no ambiguity in the provisions of the
section.   By its terms it applies generally to *an action relating to
real property*.   It has been held that the title of a public act is no
part of it.   (*Jones* v. *Sheldon*, 50 N. Y. 477.)

" We may resort to the title of an act for aid when the statute
itself is doubtful or ambiguous, but not where the language is apt
and the construction plain."   (*In the Matter of Village of Middle-
town*, 82 N. Y. 196–199 ; *People* v. *O'Neil*, 54 Hun, 610, 611.)

The provisions of section 1682 being not ambiguous and applying
generally to an action relating to real estate, we do not think that
such provisions are limited by the title of article 9.   This view as
to the construction of section 1682 is the more reasonable one.   For
instance, under section 1665, article 8 (*supra*), one seized of an

estate in reversion or remainder could commence such an action as plaintiff has begun, for an injury to his inheritance, and it cannot be doubted could obtain an order under section 1682, while the life tenant, if the position of counsel for appellant is well taken, commencing an action for a similar injury to his estate, could not obtain relief under such section. So, in an action for a trespass and injury to land *above the surface* by cutting down trees, the provisions of section 1682 clearly apply, but, according to the contention of the defendant, in cases of actions for trespass and injury to a freehold by removing stone and material *under the surface*, the statute does not apply. There seems to be no good reason why a party should not have the benefit of the section in question in the one case as well as the other.

It will be observed that the provisions of the section immediately preceding section 1682 (*supra*) in terms limit the application of the provisions therein contained to actions specified in title 1 (*supra*), while section 1682 is made applicable generally to *an* action relating to real property. As there is no ambiguity in the section, and it appears applicable to all actions, we think it is not limited by the title of article 9. (See *People* v. *O'Neil*, 54 Hun, 610; *The Mayor, etc.,* v. *Eisler*, 2 Browne's N. Y. Civ. Proc. Rep. 125.)

It is also claimed that the survey which the court by section 1682 is authorized to allow is *a surface* survey, and that an entry into or survey of an erection or inclosure on the premises of a party cannot be allowed. But the section authorizes a survey of property in the possession of a party and an entry upon his premises. The court may grant the applicant leave to survey *any of the property* in possession of the opposite party. "Survey" means "to inspect or examine with reference to situation, condition and value; * * * to determine the boundaries, extent, position," etc. (Century Dictionary.) The language of the statute seems to authorize the order in question. In a proper case we can see no good reason why the court, under section 1682, may not direct a survey of a defendant's premises through a tunnel under the surface as well as upon the surface.

In this case the moving affidavits, which were not contradicted, showed a state of facts which rendered the order granted by the Special Term proper. It appeared that defendant had entered upon

plaintiff's property by means of a tunnel started twenty rods from its line and taken rock therefrom through said tunnel. It was shown to be impossible for plaintiff to draw its complaint or prepare for trial without an opportunity to survey the tunnel and correctly measure its courses and length.

The moving affidavits made it appear that a survey of the property in the possession of the defendant was necessary and expedient, viz.: Of the tunnel through which it had entered on plaintiff's property and removed material therefrom. It is only by means of such a survey that the plaintiff will be able to properly prepare for trial. While the affidavits read on the motion show a trespass, they also show that plaintiff was ignorant of the amount of material taken by defendant from its premises, and the plaintiff can only ascertain such amount by being allowed to survey the tunnel. The order appealed from seems to be authorized by section 1682, and to be just and reasonable. The moving party established the commission of a wrongful act on the part of the defendant, and unless plaintiff can make the survey applied for it is practically remediless, being unable to state or show the amount of its damage.

This case is not similar to that of *Hayden* v. *Van Cortlandt* (84 Hun, 150). Here the manager of the plaintiff has entered the tunnel and made crude measurements therein, and on such measurements reached the conclusion that defendant had trespassed upon and removed material from plaintiff's lands. It is true he is not certain, but in the absence of any contradictory deposition his affidavit is sufficient to sustain the order.

It is suggested by the appellant that plaintiff is securing by the order appealed from the aid of the court to compel the defendant to furnish proof that may be used against its officers and agents in criminal proceedings, and upon the trial of indictments for larceny. It is sufficient to say in answer to this position that the papers in the case did not show the fact that the alleged trespass of defendant upon plaintiff's premises and the removal of material therefrom was an intentional or criminal act. In the absence of any evidence in that regard the action of defendant of which the plaintiff complains will be presumed to have been done by accident or mistake, without any criminal intent.

Again, the order does not compel defendant to furnish evidence

to the plaintiff. It merely directs the defendant to allow plaintiff to go upon defendant's premises for the purpose of making a survey. We think the constitutional provisions and authorities cited by appellant to establish the fact that the order in question is in violation of the Constitution of the State and of the United States do not apply.

The order should be affirmed, with ten dollars costs and disbursements.

HERRICK, J., concurred; MAYHAM, P. J., not acting.

Order affirmed, with ten dollars costs and disbursements.