### BURDICK v. ERIE R. CO.

(Steuben County Court. August 3, 1903.)

1. PENALTIES—ACTIONS—SUMMONS—DESIGNATION OF STATUTE.

Code Civ. Proc. § 1897, provides that in an action for a statutory penalty, if a copy of the complaint is not delivered to the defendant with a copy of the summons, a general reference to the statute must be indorsed on the copy of the summons so delivered, in the following form: "According to the provisions of," etc.; adding such a description of the statute as will identify it with convenient certainty, etc. *Held*, that where an action was brought before a justice of the peace against a railroad company for a penalty imposed by Laws 1895, p. 961, c. 1027, as amended by Laws 1896, p. 758, c. 835, for refusal to sell plaintiff a mileage book on demand, and plaintiff attached to the summons and served a copy of what purported to be a complaint, which, after setting forth various allegations stating the alleged cause of action, averred that, by reason of the premises, defendant was indebted to plaintiff in the sum of $50, by virtue of Laws 1895, p. 961, c. 1027, as amended by Laws 1896, p. 758, c. 835, followed by a demand for judgment for the sum of $50 and costs, and on the return day a paper, of which that attached to the summons was an exact copy, was filed with the justice as a complaint, the service of the copy so attached constituted a substantial compliance with the statute, though it could not be treated as a complaint for want of authority to file the same before the return day.

Appeal from Justice Court.

Action by Nellie Burdick against the Erie Railroad Company. From a justice's judgment dismissing the complaint, with costs, plaintiff appeals. Reversed.

Whiteman & Hill, for appellant.

George N. Orcutt, for respondent.

CLARK, County Judge. This action was brought for a penalty of $50 because of the failure of the defendant to sell to plaintiff a mileage book on demand, after tender of the price therefor to defendant's agent, claimed by the plaintiff to be in violation of the provisions of chapter 1027, p. 961, of the Laws of 1895, as amended by chapter 835, p. 758, of the Laws of 1896.

Section 1897 of the Code of Civil Procedure requires that, in an action to recover a penalty or forfeiture given by statute, "if a copy of the complaint is not delivered to the defendant with a copy of the summons, a general reference to the statute must be indorsed upon the copy of the summons so delivered, in the following form: 'According to the provisions of,' &c., adding such a description of the statute as will identify it with convenient certainty, and also specifying the section, if penalties or forfeitures are given, in different sections thereof, for different acts or omis-

sions." Code Civ. Proc. § 1897. In this case no actual reference to the statute was written on the summons, but attached to the summons, and served on the defendant with it, was a paper claimed by the plaintiff to be a copy of the complaint, which, after setting forth various allegations stating the alleged cause of action, contained the following:

"VI. That by reason of the premises defendant has become indebted to the plaintiff in the sum of fifty dollars by virtue of the provisions of chapter 1027, Laws of 1895, as amended by chapter 835, Laws of 1896."

Then followed a demand for judgment against defendant for the sum of $50, besides costs.

This paper containing this reference to the statute, and which was attached to the summons, and served on the defendant with it, is conceded to be an exact copy of the complaint filed with the justice on the return day of the summons. It was claimed by the defendant before the justice on the return day that this paper attached to the summons and served with it was not a copy of the complaint, as there could be no complaint until the return day, and any paper served with the summons before the return day was of no force whatever; that it was merely a piece of paper, and in no way fulfilled the requirements of section 1897 of the Code of Civil Procedure, which refers to a copy of the complaint, as there could be no complaint in the Justice's Court in an action of this character until the return day of the summons when the complaint should be filed with the justice within one hour of the time when the summons was returnable. The defendant appeared specially before the justice, and asked to have the action dismissed, because, inasmuch as this paper was not a complaint, and no reference to the statute was indorsed on the summons, the court had no jurisdiction in the matter. The justice took this view of the matter, dismissed the complaint, and rendered judgment against the plaintiff for costs, and from that judgment the plaintiff appeals to this court.

I think the justice erred in dismissing the complaint. While it is true that there was no indorsement of the statute on the summons, it is true that there was a paper attached to the summons, and served with it, which so clearly called to the attention of the defendant to the fact that the action was brought to recover a penalty, and referring so particularly to the precise statutes that it was claimed defendant had violated, that it was not possible for the defendant to be misled, while the information conveyed in that paper as to the character of the cause of action, and under what statute it was sought to maintain it, was about as clear and explicit as it was possible to make it. The object of the statute is to give notice to the defendant of the object of the action, and generally for what a recovery is sought. Townsend v. Hopkins, 9 Civ. Proc. R. 257. This last case was distinguished in People v. O'Neil, 54 Hun, 610, 8 N. Y. Supp. 123, but on another ground, and it seems to be quite clear that the object of the indorsement or service of a copy of the complaint is to inform the defendant what particular statute it is claimed had been violated. 3 Wait's Law & Practice, 123. In this case the

defendant was certainly informed of the particular statute it was claimed had been violated. Whether or not the paper served with the summons was a complaint, it was designed to convey the information to the defendant that it had been sued for a penalty, and stated distinctly what statutes it was claimed had been violated, and I think it was a substantial compliance with the terms of section 1897 of the Code of Civil Procedure. Of course, if, when the issue was joined, the plaintiff had filed with the justice a complaint differing from the complaint or "paper" served with the summons, then plaintiff could not claim that the terms of the statute had been complied with. But this paper served with the summons was a true copy of the complaint as filed with the justice when the summons was returnable; it clearly informed the defendant of the nature of the action, and the precise statutes under which it was brought; it was attached to the summons and served with it; it was an exact copy of the complaint filed with the justice, and was a substantial compliance with the terms of the statute; and I do not think that substantial justice was done between the parties by the justice dismissing the complaint on an objection so highly technical, when surely the defendant clearly understood from the paper served with the summons what the action was for, and under what statute it was brought.

For these reasons, it seems that justice requires that the judgment of the lower court must be reversed, with costs.