(January 13, 1937.)

THE COUNTY OF ORANGE, Respondent, v. ERNEST G. STILLMAN, THE STORM KING SCHOOL, MARIE ABBOTT, ADELE M. PECK, KENNETH PECK, DOROTHY PECK DEWITT, GERTRUDE ELY, CHAUNCEY D. STILLMAN, ELIZABETH S. WILLIAMS and THE VILLAGE OF CORNWALL, Appellants, and Others, Defendants.— Order, made on the special appearances of the appellants, overruling their objections that the statute under which the county of Orange is proceeding to condemn certain property for highway purposes is unconstitutional, affirmed, with ten dollars costs and disbursements; the answer to be served on or before January 15, 1937. The procedure of the county is under sections 30 to 34 of the Highway Law. These statutes comply with the due process of law provisions of the United States and State Constitutions. (*County of Jefferson* v. *Horbiger*, 229 App. Div. 381, 383; *People* v. *Adirondack Railway Co.*, 160 N. Y. 225, 238; *Backus* v. *Fort Street Union Depot Co.*, 169 U. S. 557, 569; *Matter of Village of Middletown*, 82 N. Y. 196, 201.) Sections 32 and 33 afford adequate opportunity to any person claiming an interest in lands to be acquired to be heard on any pertinent question of fact or law. Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ., concur. [See *post*, p. 829.]

In the Matter of the Application of WILLIAM J. SHEILS for an Order of Mandamus Directing BERNARD A. KOCH, as Clerk of the County of Westchester, to File an Oath of Office. BERNARD A. KOCH, Individually and as Clerk of the County of Westchester, Appellant; WILLIAM J. SHEILS, Respondent.— Order directing the county clerk of Westchester county to file oath of office reversed on the law and not in the exercise of discretion, and motion denied, without costs. The defect in respect of the officer before whom the oath was taken and as to the content of the oath have been waived. The respondent is not a person elected to office within the meaning of section 246 of the County Law, since he has not a certificate of election. In the event that respondent succeeds in a quo warranto action, and procures a judgment awarding him the office, he may be fully protected in his rights by then complying with the provisions of pertinent statutes. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

(January 15, 1937.)

COLEN-GRUHN CO., INC., Respondent, v. 1133 WASHINGTON, INC., and MARY HOLTZMAN, Appellants.— In view of the decision of the appeal herein (*post*, p. 830), decided herewith, the motion to stay the receiver pending the determination of the appeal is dismissed. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

THE COUNTY OF ORANGE, Respondent, v. ERNEST G. STILLMAN and Others, Appellants, and Others, Defendants.— Motion for leave to appeal to the Court of Appeals and for a stay denied. The answers are to be served on or before January 16, 1937. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ. [See *ante*, p. 829.]

ROBERT N. HEATH, Respondent, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.— In view of the decision of the appeal herein (*post*, p. 832), decided herewith, the motion to dismiss the appeal is dismissed. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.